RECEIVED
AUG 03 2009
U.S. DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

FILED
AUG 03 2009
DAVID CREWS, CLERK
BY _____ Deputy

THE UNITED STATES GOVERNMENT

   UPON THE RELATION OF JACQUELYN A. PIERCE,

JACKIE LYNN REYES, and RIVER HOUSTON (a minor

child by and through her mother and natural

guardian)                                        PLAINTIFFS


  V                    CASE NUMBER 3:07CV79-B-A

BANKPLUS BELZONI MISSISSIPPI, a MISSISSIPPI

BANKING CORPORATION, ET AL   DEFENDANTS



NOTICE

of Motion for Temporary Restraining Order and

  Additional Injunctive Relief, and of

April 09, 2009 STATE COURT ORDER Changing Name

of Plaintiff Reyes


1. Please take notice, hereby, that Plaintiff/

Relator Reyes, as a Debtor in case number 08-12283 DWH

in the U.S. Bankruptcy Ct in the Northern

District of Mississippi on August 07, 2008,

filed an adversary proceeding on or about said date,

and also, on or about said date, filed a

Notice of Motion for Temporary Restraining

Order and Additional Injunctive Relief, serving

pg. 1 of 5

the entities stated in the certificate of service of said Notice, including the U.S. Attorney for the Southern and Northern Districts of Mississippi and Mississippi Attorney General. A true and correct copy of said Notice of Motion for Temporary Restraining Order and Additional Injunctive Relief is attached hereto as Exhibit N-1. Plaintiff/Relator Reyes, on or about August 07, 2008, filed the aforementioned Adversary Proceeding, seeking relief including but not limited to a temporary restraining order and interlocutory and/or permanent injunction pursuant to 42 USC 1971 (g) and/or 42 USC 1973 (c) and/or 18 USC 1964 (a) enjoining and restraining certain acts including:

the institution and/or maintenance of any civil action in any court against the Plaintiff which would lead to a judgement attached to real estate and/or forfeiture of rights to ownership of real estate located in the Shallow Creek Subdivision and/or rights to any property owned by the Plaintiff, whether said property is in possession of Plaintiff or otherwise;

withholding property of the Plaintiff, whether real or personal;

interference with registration and/or

pg. 2 of 5

attendance of the child Plaintiff, River Ashlyn Houston, at West Lauderdale School;

further attempts by any entity to change or alter the legal name of the Plaintiff;

withholding by the state of Mississippi and/or federal government, of insurance coverage for the child Plaintiff;

and a temporary restraining order preserving the status quo until a court of three judges can be convened pursuant to 42 USC 1971 (g) and or 42 USC 1973 (c) to hear and determine the case before the court. Note: Plaintiffs Reyes and River Houston are named Plaintiffs in the aforementioned adversary proceeding, filed as a class action, and requested consolidation with this civil action number 3:07 CV 79-B-A. As previously mentioned, a true and correct copy of the August 07, 2008 ~~Motion~~ Notice of Motion for Temporary Restraining Order and ADDITIONAL INJUNCTIVE RELIEF, filed in the U.S. Bankruptcy Ct in Aberdeen on or about said date, is attached hereto as Exhibit N-1. Said NOTICE was filed with one exhibit, exhibit "A" which is a

true and correct copy of a July 30, 2008 motion for Recusal of Judge Houston and motion for Extraordinary Writ. (Please note that said July 30, 2008 motion was filed with 2 exhibits. Said exhibits are excluded from this document for brevity and exhibit 1 or said 2 exhibits was previously filed in this court.)

2. Please take notice that Plaintiff/Relator Reyes is in receipt of an April 09, 2009 certified court order by the Lauderdale County Chancery Court in Lauderdale County, Mississippi which states that, in case number 08-1004P, the Plaintiff's name is legally changed to "Jaclyn Reyes". A true and correct copy of said court order is attached hereto as Exhibit N-2.

THIS 3rd day of August, 2009.
Signed: Jaclyn Reyes, aka Jackie Lynn Reyes
Jaclyn Reyes, aka Jackie Lynn Reyes

CERTIFICATE OF SERVICE

I, Jaclyn Reyes (aka Jackie Lynn Reyes) certify that I mailed by U.S. mail, postage

PG. 4 of 5

prepaid, and/or hand delivered the foregoing "NOTICE of MOTION for TEMPORARY RESTRAINING ORDER and ADDITIONAL INJUNCTIVE RELIEF and of APRIL 09, 2009 STATE COURT ORDER CHANGING NAME of PLAINTIFF REYES" to:

The U.S. Attorney General, 950 Pennsylvania Avenue, Washington, DC, 20530-0001

THIS 3rd day of August, 2009.

Signed: _____
         Jaclyn Reyes, Plaintiff/Relator

Mailing Address:
   In Care of Jacquelyn A. Pierce
   12251 A Hand Road
   Collinsville, MS   39325

No phone in service

pg. 5 of 5

FILED

2008 AUG -7 PM 2:22

CLERK
U S BANKRUPTCY COURT
NORTHERN DIST OF MISS

BY___J. Perry___DC

IN THE UNITED STATES BANKRUPTCY COURT
IN THE NORTHERN DISTRICT OF MISSISSIPPI

Jackie Lynn Reyes, aka Jaclyn Houston, aka Jaclyn Reyes and
River Houston, (a minor child, by and through her mother and natural guardian), for
themselves and all persons similarly situated,                               PLAINTIFFS

V.                                                          Adv. Proc. No.

The State of Mississippi Department of Humans Services,
Jim Hood, Mississippi Attorney General, in his individual and official capacities,
The U. S. Internal Revenue Service,
Bankplus, Belzoni, Mississippi, Thomas R. Hudson, Wayne Kidd, Jack Webb,
Bancplus Corporation, Julie Whigham, Charles Zdenek, III,
U. S. Attorney General Michael Mukasey, in his official and individual capacities,
Charlene Thomas and *John Does A thru Z;*

## Notice of Motion for Temporary Restraining Order and additional Injunctive Relief

You are hereby notified that the Debtor in this case has filed a Complaint for
Injunctive Relief and Related Relief in the above named court, seeking relief including
but not limited to a temporary restraining order and interloculatory and/or permanent
injunction pursuant to 42 USC 1971 (g) and/or 42 USC 1973(c) and/or 18 USC 1964(a)
enjoining and restraining certain acts including:

the institution and/or maintenance of any civil action in any court against the Debtor
which would lead to a judgment attached to real estate and/ or forfeiture of rights to
ownership of real estate located in the Shallow Creek Subdivision and/or rights to any
property she owns, whether said property is in her possession or otherwise;

withholding property of the debtor, whether real or personal;

interference with the registration and/or attendance of the child plaintiff, River Houston,
the daughter of Jackie Lynn Reyes, at West Lauderdale School;

further attempts by any entity to change or alter the legal name of the Debtor, which is
Jackie Lynn Reyes, who is the mother and natural guardian of River Houston;

withholding, by the state of Mississippi and/or federal government, of insurance coverage
for the child Plaintiff;

and a temporary restraining order preserving the status quo until a court of three judges
can be convened pursuant to 42 USC 1971(g) and/or 42 USC 1973 ( c ) to hear and
determine this case before the court.



N-1

The Plaintiffs have, on this 7th day of August, 2008, filed a Complaint for Injunctive Relief and Related Relief, (a RICO and BIVENS class action lawsuit), and this Notice, which are directly related to the issues presented in the Debtor's July 30, 2008 Motion for Recusal of Judge Houston and Motion for Extraordinary Writ. A copy of said motion is attached hereto as exhibit "A."

CERTIFICATE OF SERVICE

I, Jackie Lynn Reyes, aka Jaclyn Houston, aka Jaclyn Reyes, hereby certify that I have mailed by U. S. Mail, postage prepaid and/or hand delivered a true and correct copy of the foregoing Notice of Motion for Injunctive Relief to the following entities:

The Clerk of the Lauderdale County Circuit Court, 500 Constitution Avenue, Meridian, MS 39302

The Clerk of the Lauderdale County County Court, 500 Constitution Avenue, Meridian, MS 39302

The Clerk of the Lauderdale County Justice Court, 500 Constitution Avenue, Meridian, MS 39302

The Lauderdale County Chancery Court Clerk, 500 Constitution Avenue, Meridian, MS 39302

West Lauderdale Elementary School, 10350 Hwy 495, Meridian, MS, 39305.

Creditors in August 07, 2008 Amended Creditor Matrix

Karra and Richmond Camp

U. S. Trustee, 100 West Capitol Street, Suite 706, Jackson, MS 39269

Jim Hood, Attorney General for the State of Mississippi, Walter Sillers Building, 550 High Street, Suite 1200, Jackson, Mississippi, 39201

The State of Mississippi Department of Humans Services, serving Jim Hood in individual and official capacities

The U. S. Internal Revenue Service,

U. S. Attorney Michael Mukasey, 950 Pennsylvania Avenue, Washington, DC 20530-0001

Dunn Lampton and/or John Doe, U. S. Attorney for the Southern District of Mississippi, 188 East Capitol St., Ste 500, Jackson, MS 39201

U. S. Attorney for the Northern District of Mississippi, 900 Jefferson Avenue, Oxford, MS 38655

Bankplus, Belzoni, Mississippi, Thomas R. Hudson, Wayne Kidd, Jack Webb, Bancplus Corporation, 1068 Highland Colony Parkway, Suite 200, Ridgeland, MS 39157

Julie Whigham,

Charles Zdenek, III, 430 County Road, 6752 Quitman, MS 39355

Charlene Thomas, 2410 24th Street, Meridian, Mississippi, 39301
Rebecca Vick, In care of Farm Bureau Insurance, 9182 Hwy 19 North, Collinsville, MS 39325.
Angela Michelle, Williams, 12191 Hand Road, Collinsville, MS, 39325.

This $\underline{21}$ day of August, 2008

Jackie Lynn Reyes

2008 JUL 30 PM 1: 28

CLERK
U S BANKRUPTCY COURT
NORTHERN DIST OF MISS
BY _____ DC

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

Jackie Lynn Reyes, aka
Jaclyn Houston, aka
Jaclyn Reyes                                        Case 08-12283-DWH

Motion and Affidavit for Recusal of Judge Houston, and
Motion for Extraordinary Writ and Related Relief

COMES NOW, the Debtor, Jackie Lynn Reyes, aka Jaclyn Houston, aka Jaclyn Reyes,

and files this Motion and Affidavit for Recusal of Judge Houston, and Motion for Extraordinary

Writ and Related Relief and would show unto the court the following to wit:
pursuant to 28 USC 1651 and 28 USC 455

1.  The Debtor commenced this case on June 12, 2008. On or about June 25, 2008 the Debtor

received a Notice of Hearing to consider and act upon the following, "17 -Motion to Dismiss

Case, or in the alternative Motion to Change Venue Filed by Sammye S. Tharp on behalf of U. S.

Trustee. (Entered on Docket by: Tharp, Sammye)." The Debtor filed her Objection to Notice of

Hearing on July 08, 2008 and Amended Objection to Notice of Hearing on July 09, 2008,

wherein the Debtor submitted her objections to said notice including the statement in the Notice

that the aforementioned Trustee's Motion is to be served pursuant to Rules 9013 and 9014. The

Debtor then stated that the motion was to be served pursuant to Rule 9014(b). The Debtor, on

July 09, 2008 also filed a Motion to Dismiss pursuant to 11USC 1307(b). On or about July

21, 2008 the Debtor received an "Order Dismissing Chapter 13 case on Motion of Debtor(s)."

Said order is dated July 14, 2008. The Debtor objects to the Order as follows:  the order states

that the court "...**heard** the motion of debtor to dismiss..."  The Debtor did not make a personal

appearance in the Northern District Bankruptcy Court to present the motion and Judge Houston,

to the knowledge of the Debtor, has not entered any order in response to the Debtors' Amended

Objections to the Notice of Hearing, including the Debtor's request that the docket be corrected



in this case, that the Court would not hear the Trustee's Motion, and that the Trustee is in contempt of this court. In addition Judge Houston's order requires the "chapter 13 trustee" to file the chapter 13 accounting with 30 days from the date of entry of this order. The debtor objects, as, to her knowledge, a "chapter 13 trustee" has not been assigned to this case, and there is, not yet, any information submitted to the court by the debtor to provide for any "chapter 13 accounting" in this case. Judge Houston's statement in his order that the court "heard" the Debtor's Motion to Dismiss, is believed to be written for the purpose of creating the appearance that the Debtor *appeared in person* on July 14, 2008 to present her motion. July 14, 2008 was also the hearing date presented in the court's "Notice of Hearing" on the aforementioned Trustee's motion. The Trustee's motion is required to be served pursuant to Rule 9014(b) FRBP; however, the Debtor is not amenable to service of process. By stating that the Court "**heard**" the debtor's motion to Dismiss, Judge Houston attempts to create the appearance that the Debtor waived service of process, which is not the case. The Debtor submits that Judge Houston's order is in furtherance of an ongoing conspiracy to defeat Federal False Claims Action 3:07CV79-B-A pending in the U. S. District Court in Oxford, Mississippi, wherein the Debtor and other Plaintiffs seek class action relief for creditors, Mississippi minorities, Mississippi Democrats and the American People as victims of economic fraud. Defendants in said case include at least two Judges from the Mississippi Bankruptcy Courts and several U. S. Attorneys including former U. S. Attorney General Alberto Gonzales who support the creation and/or conspiracy to create false records to reduce and/or decrease obligations owed to the federal government, defrauding innocent Americans of a healthy economy. The aforementioned federal false claims case is also filed by the Debtor's daughter, who is deprived of health care by the state and federal government, who is a victim of physical

7/30/08                                                          2

and emotional child abuse by the Defendants and coconspirators in the Federal False Claims case and who has moved the District Court in said case to certify a class action on behalf of all children in America who are deprived of insurance under the S-Chips program. Based on information and belief, Judge Houston dismisses this case without ruling upon other issues before the court, to support a conspiracy to secure a default judgment against the Debtor in the Lauderdale County Chancery Court in Meridian, Mississippi, or some other court, then to resume the bankruptcy proceedings upon motion for relief by the Trustee or other entity, converting the case to a chapter seven and/or transferring to another district, either the Southern District of Mississippi or the Eastern District of Tennessee, thereby defrauding the Debtor and her creditors, including the U. S. Government. The Debtor is not amenable to service of process. The conspirators know that the Debtor is not amenable to service of process and are attempting to change the Debtor's name to support their scheme. The conspirators are also attempting to change the Debtor's name and race to defeat her effort to seek relief on behalf of minorities in Mississippi, who are not equally represented in the state and federal legislatures.

2. This motion is to seek recusal of Judge Houston, and to seek suspension of these proceedings pending a Motion for Extraordinary Writ to the U. S. Supreme Court in relation to Federal False Claims case 3:07CV79-B-A, wherein a false record has been created by the clerk of the U. S. District Court for the purpose of defeating the rights of the U. S. Government, the Debtor and her creditors, as well as other Plaintiffs in said action and proposed plaintiff classes. A personal injury tort claims action, if filed in this bankruptcy court by the Debtor, is required by 28 USC 157 to be heard by the U. S. District Court in the Northern District of Mississippi. The clerk of said court has proven to be biased and prejudiced against the causes of the Debtor and the U.S. Government in relation to Federal False Claims Action 3:07CV79-B-A. It is in the best

7/30/08

3

interest of the creditors of the Debtor, and in the best interest of the child plaintiff in said federal false claims action, all who are in desperate need of relief from the ongoing conspiracy to defraud them of federally protected rights, to proceed with a Petition for Extraordinary Writ in the U. S. Supreme Court. The Debtor is requesting that these proceedings be suspended to protect the interests of her creditors and of she and her child. In addition, property of the Debtor is unlawfully withheld by Charlene Thomas, Bankplus Belzoni, Mississippi and others, as described herein. The Debtor's estate is estimated to be valued at over $40 billions dollars, and she intends for all creditors to be paid in full and with full restitution for the crimes committed against them as described, in part, in the following pages. The following pages 5 – 30 are in the form of an Amended Affidavit of Information presented to the U. S. Attorney for the Southern District of Mississippi, who failed to act thereupon. Said affidavit is presented herein without exhibits thereto.

7/30/09                                                                                          4

Date: April 02, 2007          **AMENDED**   NOTICE OF ORDER

To:  U. S. Attorney for the Southern District of Mississippi, and
     **Internal Revenue Service**



This <u>AFFIDAVIT OF INFORMATION</u> is **amended** as follows:

To correct the date on page 2 of original affidavit which stated that "The document was not entered on the civil docket in federal civil action 4:04cv229 until March 19, 2001" referring to Exhibit "A". The corrected date reads March 19, **2007.**

To remove misstatements that Bankplus *appeared* in the civil action 4:04cv229LN pending in the U. S. District Court in the Southern District of Mississippi, using a fraudulent name. The corrected statements are that the bank *hired counsel to misrepresent it* using the name Bankplus of Mississippi.

To include a description as to how Bankplus and its officers and Copeland, Cook Taylor and Bush, committed <u>Fraud and Related Activity in Connection with Identification Documents</u>, under section titled <u>Fraud and Related Activity in Connection with Identification Documents</u>

To clarify that Gwendoly Kerney's Trustee's Final Report is in fact fraudulent.

To include as Exhibit "22" a Certificate of Service showing service of District Court Judge Daniel P. Jordan's March 21, 2007 Order on affiant/Plaintiff/tax payer Jaclyn Houston, aka Jackie Lynn Reyes.

To replace the word "more" with the word "less" on page 19 (last line)

**<u>AFFIDAVIT OF INFORMATION</u>** exposing *RICO* / conspiracy to defraud the *IRS* / conspiracy to Defraud *citizens of state of Mississippi* / conspiracy to defraud the affiants, and

NOTICE OF MARCH 21, 2007 FEDERAL COURT ORDER ADVERSELY EFFECTING THE RIGHTS OF THE <u>INTERNAL REVENUE SERVICE</u>

This Affidavit contains new information regarding a conspiracy to defraud the Internal Revenue Service which has not been previously reviewed by a U. S. Attorney in the state of Mississippi. This is an <u>urgent request for intervention</u> in federal civil action 4:04cv229LN pending in the United States District Court in the  Southern District of Mississippi.
This is an <u>urgent request for intervention</u> by the U. S. Attorney on behalf of the affiants, Pierce, Reyes and Houston, as well as the IRS and the American people who are funding the war effort as well as federally funded programs. <u>The Department of the Treasury</u> stands to collect millions of dollars in penalties due to the federal violations described in the April 04, 2005 Amended Complaint filed in the aforementioned case.

This is also an <u>urgent request for intervention</u> in the civil action pending in the Middle District of

7/30/08

5

Tennessee, where the U. S. Govt and IRS are named a party, to have the Court immediately transfer the case to this district, to preserve the rights of the IRS. See Exhibit "E".

Please see Exhibit "C" Motion to Add the United States Government as Party Plaintiff. **Affiants/Plaintiffs in civil action were denied access to file the document.**

INTRODUCTION

The Affiants in this instant matter are Jacquelyn A. Pierce and Jackie Lynn Reyes, (aka

Jaclyn Houston)....mother and daughter, and River Houston, by and through her mother and

natural guardian. Affiants are citizens of the State of Mississippi who reside at 12251A Hand

Road, Collinsville, Mississippi, 39325, and each of them have an interest in real property

described herein; said real property and 40+/- acres with house, in its entirety, is subject to tax

assessment by the Internal Revenue Service. Taxes owed, in the name of Jackie Lynn Reyes are

described in notices numbered CP 504, dated 02-12-2007 for tax years 1999, and 2000.

Taxes are also owed for the year 2001. Ms. Reyes has not received a February 2007 notice

for the year 2001, and has requested a copy from the IRS. The tax returns for the

years 1999 through 2001 need to be amended, as noted on each return, which affiants believe

will significantly lower the amount due, however, documentation required to accomplish that

task is in the possession of BankPlus, Belzoni, Mississippi and Community Bank. Because

development of the real property described herein affects interstate commerce, and because the

unlawful seizure of said property deprives the Affiants, all female, of their constitutional right to

own and develop real property and/or hold property interests, and deprives minorities and poor

persons in the state of Mississippi of their right to live in select areas of this state, this is a case of

discrimination in violation of the Civil Rights Act and Fair Housing Act, as further described

herein. Also described herein are multiple violations of the Internal Revenue Code.

On February 20, 2007, Affiants Jackie Lynn Reyes, aka Jaclyn Houston and River Houston

6

submitted a request to the U. S. District Court to assign legal representation pursuant to 42 U.S.C. 3613(b)(1), as well as a Motion and Affidavit for Injunctive Relief, Motion for Relief from Orders, and Motion and Affidavit for Contempt and Sanctions. The document was not entered on the civil docket in federal civil action 4:04cv229 until March 19, **2007**. **See Exhibit "A"** ; The tax payer/affiant has not been able to verify that the document is entered, *in its entirety*, on the docket. Her documents are often *not* completely or correctly entered, however, it is clear that the clerk entered the document, in part, as a motion for TRO. The affiants who filed the document did not request a TRO, as stated on the civil docket, instead they requested an interlocutory injunction pursuant to 18 U.S.C. 1964(a), 42 U.S.C. 3613(c)(1), and 18 U.S.C. 1030(g). District Court Judge Daniel P. Jordan, III, who was served a *copy of the true and correct document*, entered a void and unlawful order on March 21, 2007, dismissing the case against bank officers, entering judgments on pleadings for other named defendants, denying Plaintiffs' motions for injunctive relief, for relief from orders and for contempt. The Order is unlawful as it denies the Plaintiffs their statutory right pursuant to 42 U.S.C. 1987 which requires the judge, at the expense of the United States, to institute prosecutions under laws relating to crimes against the elective franchise and civil rights of citizens including violations of the provisions of Title 18, Section 241 and 242, and to appoint and execute warrants there under. The Order constitutes an obstruction of justice, perpetuating the conspiracy to restrain trade, to defraud the affiants and to defraud the IRS. A motion for writ of attachment of the affiants land remains with the Court, as well an Order granting motion for CMO, filed by counsel, hired by Bankplus to misrepresent it under the name, BankPlus of Mississippi. Exhibit "A" requested relief from another order in addition to the two on its face. See pg. 18 "Due Process Denied".

**Exhibit "A"** offers a history of the case, describes how the docket has been manipulated by the Clerk and deputy clerk to create an estoppel by record in favor of the named Defendants, and how the named Defendants and judges, as well as multiple non parties have committed fraud upon the Court, in an unconscionable scheme to disrupt the due administration of justice, to defraud the tax payer/Plaintiff and the IRS, by conspiring to block the tax payer/Plaintiff from exercising her right to file her Motion to Add the United States Government as a Party Plaintiff. The U. S. Government is an indispensable party, as further described herein. Incorporated into the motions document is the April 04, 2005 Amended Complaint by Plaintiffs in federal civil action 4:04cv229LN, affiants herein. *Judge Daniel P. Jordan, III has entered an order which adversely affects the rights of the United States Government, IRS, and the American People, by denying the IRS its opportunity to collect, in full, taxes owed as a result of business transactions involving the real estate subject to the controversy in the federal civil action, and by denying the U. S. Government the right to collect millions of dollars in penalties as a result of the unlawful conduct of the named Defendants.* See Exhibit "D" for a copy of the Order.

PURPOSE OF AFFIDAVIT

The purpose of this affidavit is to provide the recipient with information regarding the affiants property interests and crimes committed against the affiants and the IRS, and their property and/or property interests, by BankPlus Belzoni Mississippi and others. Affiants seek assistance from the U. S. Attorney, as follows:

a. Affiants request *immediate intervention* in civil action 4:04cv229LN *based on a prior affidavit of information submitted to the U. S. Attorney for this District detailing RICO violations.* Affiants request that the U. S. Attorney immediately seek at least a 30 day stay of the civil action while the U. S. Attorneys conduct an investigation of new information submitted

herein detailing a conspiracy to defraud the IRS and the American people, and fully comply with Title 28 Section 547 (1) (2) and (4), and to provide equal protection of the laws to the Affiants and to the Citizens of the State of Mississippi, pursuant to the 5th Amendment of the U. S. Constitution;

      b.  Affiants seek assistance from the U. S. Attorney and IRS in retrieving tax records withheld by BankPlus Belzoni Mississippi and Community Bank.  Said records are necessary to properly amend affiants 1999, 2000, and 2001 tax returns.

      c.  Affiants seek assistance in securing an immediate interloculatory injunction against said bank, Julie Whigam and Charles Zdenek, for the purpose of securing possession of the home and land of affiants Jackie Reyes and River Houston.  **Pursuant to section 7302 of Title 26 of the U. S. Code, it shall be unlawful to have or possess any property intended for use in violating the provisions of the internal revenue laws, or regulations prescribed under such laws, or which has been so used, and no property rights shall exist in such property.** Jackie Reyes began developing her real estate in the latter part of the 1990's.  The business of said affiant involved the purchase and sale of real estate as well as construction and sales of new homes.  As a result of real estate transactions which occurred out of an during the course of her business of developing her real estate, taxes, penalties and fines are owed to the IRS.  Forty +/- acres of prime real estate property is unlawfully withheld from affiants Jackie Reyes and River Houston by BankPlus, Belzoni, Mississippi, Julie Whigham and Charles Zdenek.

(**NOTE**: Jackie Reyes, aka Jaclyn Houston has been vested with a property right, by way of court order, to include her current legal name, which is Jackie Lynn Reyes, in civil action 4:04cv229LN pending in the U. S. District Court in the Southern District of Mississippi.

(Exhibit "B" is copy of ORDER). Ms. Reyes, Plaintiff in said action, submitted a MOTION TO ADD the UNITED STATES GOVERNMENT AS PARTY PLAINTIFF in the civil action on February 06, 2006 and on February 16, 2006, on grounds that the taxes are owed and the IRS is an indispensable Party to the law suit. ( Exhibit "C" is copy of the Motion). The Court Clerk and Magistrate Judge James C. Sumner blocked the filing of the document, as detailed in Exhibit "A". (Plaintiff/affiant Jaclyn Houston/Jackie Lynn Reyes is denied her right to file the motion.)

REVIEW OF COMMUNICATIONS WITH IRS

The IRS issued three (3) notices of intent to levy dated September 25, 2006, for tax years 1999, 2000 and 2001. On February 12, 2007, the IRS issued two(2) notices of intent to levy, one for tax year 1999 and one for the year 2000.[1] On March 01, 2007, Jackie Lynn Reyes contacted the IRS by phone. She spoke to a Mr. Bora who stated his ID number to be 5901520. Ms. Reyes requested a copy of levy notice dated February, 2007 for tax year 2001. Mr. Bora said he would mail a copy to her. Ms. Reyes has not received the documentation from the IRS. Mr. Bora also informed Ms. Reyes to send any correspondence to the ASC Unit in Kansas City. On March 08, 2007 Ms. Reyes again contacted the IRS, speaking to Pat Rawley, ID number 2841057, Mr. Garrison ID number 8410879 and then Ms. Krol, ID number 1601125. Ms. Krol told Ms. Reyes not to send correspondence to Kansas City, but to mail documentation of her mortgaged real estate to the Large Dollar Unit in Buffalo, N.Y. Ms. Krol requested a copy of contract information on mortgaged real estate, the balance due, the payment amount, and a value of the property, (.36 acres). The IRS rejected Ms. Reyes submission that the only current value she has is the assessment performed by the county in which the property sits, which is Lauderdale

---

[1] Exhibit "1" are notices of intent to levy

County, and suggested that she get comparison sales values of similar properties from the area surrounding her property and submit that value to the IRS.

On March 21, 2007 the IRS, Large Dollar Unit received a letter from Jackie Reyes, requesting assistance in retrieving tax documents, requesting copies of 1997 and 1998 tax returns, requesting a copy of the notice of intent to levy for year 2001, and requesting that the collection procedures be postponed, permitting the tax payer an opportunity to seek legal counsel, to amend her returns, and to further investigate the extent to which the 40+/- acres described below have been improved, in order to determine a value for the .36 acre mortgaged parcel.

In addition to the .36 acres of mortgaged property, Ms. Reyes is the legal owner of over 40 acres of real property and a house which is the homestead of she and River Houston.[2] The aforementioned 40+/- tract has been subdivided into multiple lots by Bankplus Belzoni Mississippi, Julie Whigham and Charles Zdenek. Within the last twelve to sixteen months at least 2 new homes (built for resale) have been added to the eight existing homes. Within the last 30 days new road surfacing has been added. *The aforementioned .36 acre parcel affords access to the property.*[3] Mrs. Pierce and Jackie Reyes believe that the .36 acre parcel has the potential to continually increase in value and that its worth is dependent on the extent to which the property is developed, considering that the parcel provides the only access to the "subdivision".

FACTS AND INFORMATION,
submitted by Jackie Reyes

---

[2] See Homestead Declaration at exhibit "ii" of Exhibit "A"
[3] See Exhibit "3" for depiction of .36 acre parcel (dark shaded area, triangular and rectangular section)

Summarized, as follows, are the steps BankPlus and its co-conspirators took to defraud my child and I of our homestead property and my business, in violation of the Fair Housing Act, Civil Rights Act, Bank Holding Company Act, Hobb's Act, Sherman Antitrust Act, RICO, etc...

A. In 1998, "BankPlus, Belzoni, Mississippi," **hereinafter referred to as "BankPlus,"** appraised my land, 53+/- acres, commonly known as **Shallow Creek Subdivision,**[4] for approximately $5,283.00 per acre only to purchase the same, extensively improved property, at the foreclosure sale in September of 2003 for approximately $3,260.00 per acre.[5] The deed providing a description of most of the property, which was submitted to BankPlus upon application for financing, clearly discloses the legal name of affiant Reyes which is Jackie Lynn Reyes[6]. The property adjoins public land fronting the Okatibbee Reservoir and water park in Collinsville, Mississippi. BankPlus, in March 1998, granted a construction loan to build a spec house and required that I take out an additional loan, $59,618.52, to pay the NBC bank mortgage on 53+/-acres of prime real estate giving BankPlus first mortgage. BankPlus, in August of 1998, financed the purchase of an additional 3 acres of prime real estate adjacent to the larger tract.[7]

B. After the sale of my second spec house, in May of 1999, BankPlus granted a development loan to clear my land and develop the infrastructure. Said loan consolidated the BankPlus note, mentioned in paragraph A, originated to pay off NBC bank. BankPlus, without my knowledge or consent, encumbered the property with excessive liens, refused payoff information, and refused construction financing promised, to generate income to pay my notes.

---

[4]  Exhibit "4" is sketch of Shallow Creek Subdivision
[5]  Exhibit "5" is a copy of said appraisal
[6]  Exhibit "6" is front page of deed. BankPlus knowingly and wilfully prepared loan documents in the Plaintiff's alias, Jaclyn Houston. (The name Houston is registered with social security administration) Affiant has never claimed that she did not take responsibility for documents signed as Jaclyn Houston.
[7]  Exhibit "7" is copies of loan documents.

BankPlus then denied construction financing to two real estate investors and myself based on the outrageous excuse that the location of my property was **"out of the bank's lending area and too far to drive to inspect".[8]**

C.  In June of 2001 Steve Dunnam a real estate investor and home builder, and I entered into a contract,[9] wherein I agreed to buy back a 1.18 acre parcel of land, which he purchased from me the month before. Dunnam, per our contract, built a house on said lot. Said contract was filed in the real estate records, as a public document in the Lauderdale County Courthouse, in 2001. BankPlus financed the purchase for Mr. Dunnam. Steve Dunnam had **not** defaulted on his BankPlus note when he sold the property to me in November, 2001, at which time I issued promissory notes to him[10]. **BankPlus failed to amend its financing statement including myself as the new debtor, therefore, its security interest lapsed, as follows:**

Mississippi Code, Article 75, Chapter 9, Section 109(a)(1) provides for the application of the Uniform Commercial Code to "a transaction, regardless of its form, that creates a security interest in personal property or fixtures by contract." The contract between Steve and I provided for the sale of the house, on the 1.18 acre lot and his deed to the development property. Furthermore, as to the application of the UCC to the transaction between Steve and I, Mississippi Code 75-9-109(d)(11) provides for the creation or transfer of an interest in or lien on real property to the extent that provision is made for Sections (which apply) 75-9-203, 75-9-512 and 75-9-516. The house built upon the 1.18 acre lot, per the contract between Steve and I was not described in any security agreement or financing statement between BankPlus and Steve

---

[8]  Exhibit "8" is Affidavit by Steve Dunnam
[9]  Exhibit "9" is copy of contract.
[10]  Exhibit "10" is copy of deed and loan documentation

13

Dunnam,[11] however it was described in our contract, wherein I became the "new debtor". The comments under 75-9-203, in paragraph 7 regarding "new debtors" in the last line, refers the reader to "Section 9-508, Comment 3". Section 508 provides for the effectiveness of a financing statement if a new debtor becomes bound by a security agreement and specifically states in 75-9-508(b) that if the difference between the name of the original debtor (Steve) and that of the new debtor (myself), caused a filed financing statement that is effective under subsection (a) to be seriously misleading under Section 75-9-506, then:

(1) the financing statement is effective to perfect a security interest in collateral acquired by the new debtor before, and within four (4) months after the new debtor becomes bound under Section 75-9-203(d); and

(2) the financing statement is not effective to perfect a security interest in collateral acquired by the new debtor more than (4) months after the new debtor becomes bound under Section 75-9-203(d) unless an initial financing statement providing the name of the new debtor is filed before the expiration of that time.

BankPlus did not amend its financing statement pursuant to 75-9-512 and its financing statement in Steve Dunnam's name is not effective against the new debtor as provided for in 75-9-516. Steve deeded the property to me in November of 2001.[12]

D. BankPlus maintained undue control of my business, pressing towards foreclosure in 2002, when a surveyor discovered another parcel of land which also remains free of a BankPlus security interest, which I still own today. In July and in August of 2002, within 3 days of the scheduled foreclosure, Wayne Kidd, President of BankPlus in Quitman, concealing the fact that BankPlus security interest had lapsed, and decided to then offer to **"allow me to purchase"** **the 1.18 acre lot and offered construction financing** on the house, if I would "quitclaim" a

---

[11]  Exhibit "11" is financing statement and Deed of Trust between Dunnam and BankPlus
[12]  Exhibit "12" is Title Opinion to BankPlus. BankPlus had full knowledge of the contract between Mr.
      Dunnam and the affiant.



14

separate parcel of land to BankPlus, that being the parcel that afford **access** to the subdivision

and to my homestead property.[13] Said parcel was unrelated to the loan offered. Said offer is in

direct violation of the Anti-tying Provision of the Bank Holding Company Act, 12 U.S.C.A.1972,

a per se violation of the Sherman Antitrust Act (Costner v Blount, CCH Trade Cases 62,115, 578

F.2nd 1192). Also, pursuant to the FAIR HOUSING ACT, 42 U. S. C., Section 3605 states,

"It shall be unlawful for any person or other entity whose business includes
engaging in residential real estate-related transactions to discriminate against any person in
making available such a transaction, or in the terms or conditions of such a transaction, because
of race, color, religion, sex, handicap, familial status or national origin. The statute defines
"engaging in residential real estate-related transactions" as "the making or purchasing of loans or
providing other financial assistance for purchasing a dwelling, constructing a dwelling,
improving a dwelling, repairing a dwelling, or maintaining a dwelling, and also the making or
purchasing of loans secured by residential real estate.

Notwithstanding that BankPlus had no rights in the 1.18 acre lot, said bank still discriminated

against me by refusing to grant a construction loan to improve residential real estate, unless I

GAVE the bank some property. Said bank had no problem approving construction loans to

persons of the male gender, even if they had to drive much farther to inspect than the distance

between the bank and my property.

E. I filed for Chapter 13 bankruptcy protection on or about August 01, 2002, which I

voluntarily dismissed approximately one year later after Douglas Engell, my bankruptcy attorney

      i.  refused to disclose to the U.S. Bankruptcy Court, my ownership of the

access parcel

      ii.  refused to get payoff information from BankPlus so I could make a sale; and,

      iii.  filed a trial brief which falsely states in the last paragraph of page 3 that
          I had been unable to continue to sell lots due to the contestation of the

---

[13] Exhibit "13" is transcribed conversation between Jackie Reyes and Wayne Kidd, BankPlus Branch President.
A copy of the tape is provided in the sealed envelope.

Chapter13 proceedings[14]

all in violation of 18 USC 152(1), 18 USC 152(2) and 18 USC 156(b) and 18 USC 157, after

which BankPlus foreclosed on the majority of my subdivision and homestead property. George

Williams, conspiring with said bank, prepared a fraudulent Trustee's Deed.[15]

F. My child and I moved in the house on the **1.18 acre lot**. BankPlus prepared and

published false foreclosure documents and proceeded to foreclose on the 1.18 acre development

lot which I owned free of its security interest, in violation of 18 USC 152(8) and 18 USC 157. I

filed another Chapter 13 proceeding wherein BankPlus fraudulently claimed that it had a security

interest in the property where my child and I lived, 18 USC 152(4), 18 USC 157(3). BankPlus

fraudulently concealed, from me and the United States Bankruptcy Court, that I owned the 1.18

acre property with my house upon it, free of any BankPlus security interest. BankPlus filed

fraudulent documents in the United States Bankruptcy Court, claiming to have a security interest

in my homestead property.[16] George C. Williams, Trustee for BankPlus, prepared a fraudulent

"Trustees Deed."[17]

G. BankPlus then had me summonsed to appear in front of Lauderdale County Justice

Court Judge Robbie Robinson in April of 2004.[18] My child and I were presented to the Court as

trespassers who "broke into our own home". BankPlus had fraudulently converted my land

to its own use, then proceeded to unlawfully and maliciously evicted from our home, 18 USC

1951, Federal Extortion;

**Interference with Commerce by Extortion consisting of threats, violence or fear.....**

---

[14] Exhibit "14" is copy of Trial Brief prepared by Douglas Engell
[15] Exhibit "15" is copy of fraudulent trustee's deed.
[16] Exhibit "16" is BankPlus' Motion for Relief from Automatic Stay and for Abandonment
[17] Exhibit "17" is copy of fraudulent trustees deed
[18] Exhibit "18" of Summons and Complaint by BankPlus

## 18 USC 1951

I was engaged in commercial activities in interstate commerce, and an industry which affects interstate commerce.

On April 08, 2004, in Lauderdale County, Mississippi, BankPlus, and Wayne Kidd, BankPlus Branch President, did cause me to be summonsed to appear before the Justice Court of Lauderdale County on April 19, 2004 and fraudulently charged me with unlawful entry and detainer of property lawfully owned by me and occupied by me and my minor child, River Houston.

BankPlus and Wayne Kidd and BankPlus Trustee, George C. Williams did unlawfully obstruct, delay, and affect, and attempt to obstruct, delay and affect commerce as that term is defined in Title 18 USC 1951 and the movement of articles and commodities in such commerce, by extortion, as that term is defined in 18 USC 1951, in that BankPlus did obtain and attempt to obtain 1.18 acres with house, the business and homestead property of myself, with my consent, having been induced by the wrongful use of actual and threatened force, violence and fear, including fear of economic harm. As a result of BankPlus' and Wayne Kidd's and Trustee George C. Williams' violation of the Hobb's Act, me and my minor child, River Houston were tortuously caused to be evicted[19] from our home, in violation of United States Code, Title 18, Section 1951, and have been deprived of our home and land since then. (42 USC 1985).

H. In the midst of the second Chapter 13 bankruptcy action, 6 residents of the Shallow Creek Subdivision, also named Defendants in the federal civil action described below, filed an unlawful civil action in the Chancery Court of Lauderdale County alleging fraud and

---

[19] Exhibit "19" is evidence of Justice Court Order to Vacate

attempting to discredit the affiant/tax payer Jackie Lynn Reyes. The allegations of a reign of

terror were also an attempt to "enrage" the affiant so as to prompt her to list the Plaintiffs in

The state suit as creditors in the pending Chapter 13. The amount of their claim would have

Put the affiant over the limit for Chapter 13 and forced her into chapter 7, causing her to

forfeit the .36 acres parcel of land which affords access to the 40+/- acres currently concealed

From the IRS by Bankplus, Belzoni, Mississippi, Julie Whigham and Charles Zdenek.

(NOTE: The Plaintiffs in the state civil action claimed in their complaint that the affiant's

chapter 13 had been dismissed at the time they filed the suit, which constitutes bankruptcy fraud.)

## CIVIL ACTION FILED

I. On January 10, 2005, just after I filed my first complaint in Federal Court with regard

to issues described herein, BankPlus joined both the 40 +/- acres which it purchased at the

foreclosure sale in September, 2003 and the 1.18 acre lot which it fraudulently converted to its

own use in April of 2004, and fraudulently conveyed the property to Charles Zdenek, III, a

real estate investor who failed to response to his summons in Federal Court and Julie Whigham,

who does not reside at either address presented on loan documents and deed as a result of their

fraudulent purchase of my land from BankPlus.[20] The 1.18 acre lot included an **easement,**

**through the .36 acre parcel, affording access** to the remaining 40 +/- acres. Without that

easement, BankPlus had no **access** to the larger tract. BankPlus, not legally owning the 1.18 acre

parcel, unlawfully conveyed the property. This transaction is in violation of the "money

laundering" statutes, 18 USC 1956 and 1957.[21]

Fraud and Related Activity in Connection with Identification Documents

---

[20] Exhibit "20" is copy of fraudulent Special Warranty Deed by Bankplus to Julie Whigham and Charles Zdenek
[21] Exhibit "21" is page of fraudulent Deed of Trust

SCHEME TO GAIN CONTROL OF ACCESS PARCEL

On April 04, 2005, consolidating cases numbered 4:04cv229LN and 4:04cv 241LN,

per order of the Court, Plaintiff Reyes (Jaclyn Houston) and River Houston , filed an Amended

Complaint, inadvertently omitting the Plaintiff Reyes current true name which is Jackie Lynn

Reyes.

(Pursuant to the Court's January 21, 2005 Order, the Plaintiff is vested with the right to include

her current legal name in the proceedings, a right which she has been denied by the Court).

The amended complaint designates the Defendant bank as "BankPlus, a Mississippi Banking

Corporation," per Court Order.  See Exhibit "B".  Bankplus Belzoni Mississippi and its officers

hired counsel to *intercept summons and amended complaint* and to unlawfully misrepresent said

bank as Bankplus of Mississippi, committing fraud upon the Court.

On January 19, 2006 Petitioners filed an Affidavit of Information in the U. S. District Court

for the Southern District of Mississippi, civil action 4:04cv229 detailing and verifying the Title

18 violations committed by persons named therein.  Pursuant to 42 U.S.C. 1987, Magistrate

Judge Sumner is authorized and required, at the expense of the United States to institute

prosecutions under laws relating to crimes against the elective franchise and civil rights of

citizens including violations of the provisions of Title 18, Section 241 and 242, and to appoint

and execute warrants there under. (U. S. v Allred, 15 S.Ct. 231).  Instead, he entered an Order

striking the Plaintiff's affidavits from the record.  Magistrate Judge Sumner obstructed justice,

deprived and conspired to deprive Plaintiff Reyes and Plaintiff Houston equal protection of the

law by refusing to act pursuant to federal law.

The conspirators named herein have directly targeted the Internal Revenue Service with

intent to defraud, as a result of the conspiracy described herein.  The Internal Revenue Service is

19

a creditor of Plaintiff Reyes, at a loss of over $150,000 in taxes and penalties as a results of the unlawful activity described herein.

Scheme of BancPlus, BankPlus, Belzoni, Mississippi and Defendants to Conceal Racketeering Activity and to Continue a Pattern of Racketeering Indefinitely     (Money Laundering Scheme)

BankPlus, Zdenek and Whigham and  have proceeded to unlawfully develop Plaintiff Reyes real estate posting a for sale sign and a billboard reciting the name, "Shallow Creek Subdivision" informing the public of availability of lots and homes for sale, attempting to engage in monetary transactions in criminally derived property that is of a value greater than $10,000.00 in violation of 18 U.S.C. 1957(a), and have unlawfully transferred land to Julie Whigham and Charles Zdenek in illegal documents including deeds of trust and financing statements, in violation of 18 U.S.C. 1957(a).  BankPlus has gone into the construction business using property unlawfully taken from Plaintiff Reyes.  Defendants have hopes of financial gain by:

      a.  depriving a child, Plaintiff River Houston, of her homestead

      b.  depriving Plaintiff Reyes of her homestead and depriving her and her creditors of other liberty and property rights guaranteed by the Constitution of this Country;

      c.  concealing assets of Plaintiff Reyes in conspiracy to conceal  property from *Internal Revenue Service* with intent to evade or defeat the assessment of collection of taxes due.

On February 22, 2006, in search of a fair and impartial tribunal in which to defend the rights of her creditors, her child, the People of the State of Mississippi , and herself, Plaintiff Reyes filed a bankruptcy petition in the U. S. Bankruptcy Court for the Southern District of Mississippi. Judge Edward Gaines, on May 03, 2006, conspiring to prevent the Plaintiffs from further seeking restitution, entered a fraudulent "Final Decree/Order Closing Case" stating

that the case was fully administered.

Plaintiff Reyes and the child Plaintiff, River Houston then moved to Tennessee. Plaintiff Reyes, upon suggestion of J.C. Bell, Chapter 13 Trustee for the Southern District of Mississippi, filed for Chapter 13 bankruptcy protection in July of 2006, in the Eastern District of Tennessee . On or about August 28, 2006, Plaintiff Reyes' employment with T. E. Roberts Commercial Finishes, was terminated by T. E. Roberts. T. E. Roberts Commercial Finishes is a subcontractor to Blaine Construction which is believed to be a subsidiary of Yates Construction out of Philadelphia, Mississippi. One J. B. Yates, is, or was recently, on the Board of Directors of BankPlus, Belzoni, Mississippi. Terry and Sheila Roberts, owners of T. E. Roberts Commercial Finishes, terminated the employment of affiant Jackie Reyes because she was a Title 11 Debtor, thereby obstructing justice, depriving and conspiring to deprive affiants of equal protection of the law. The Robert's intended for their actions to cause the affiant to be ineligible for Chapter 13 and had the effect of forcing her to file a notice of conversion to a chapter 7 liquidation proceeding, depriving her of the benefit of keeping her property and depriving her creditors of the benefit of receiving payment from the Debtor. (The bankruptcy judge deprived the affiant the right to file her notice of conversion). And the Chapter 13 trustee entered a fraudulent final trustee's report.

The Tennessee Department of Human Services deprived the affiants Jackie Lynn Reyes and River Houston of benefits previously granted, when said affiants agreed to a contract stipulation by which DHS committed to "determining ownership of property in Mississippi."

On or about August 29, 2006, Plaintiff Reyes filed, in the U. S. Bankruptcy Court for the Southern District of Mississippi, a Motion for Relief from Judge Gaines void "Final Decree/Order Closing Case, with a Motion for Change of Venue requesting that the Court

determine the venue in which the Debtor should proceed. Plaintiff Reyes also filed, in the

bankruptcy court of the Southern District of Mississippi, two Notices of Removal, one for

Federal Civil Action 4:04cv229LN, pending in the Southern District of Mississippi and one for

State Civil Action 04-310-M , pending in the Chancery Court of Lauderdale County Mississippi.

The notices of removal were never entered on the docket. Judge Olack entered the same

fraudulent "Final Order/Decree Closing Case, in December, 2006.

     The U. S. Bankruptcy Court in the Eastern District of Tennessee, in case number

06-31589 has unlawfully overruled the affiant Jackie Reyes' Objections to Chapter 13 Trustee

Gwendolyn Kerney's "Trustee's Final Report" where it is stated that the case is fully

administered as to the IRS. **Exhibit "A"** also includes a request, pursuant to 18 U.S.C

**1964(a) to enjoin and restrain Gwendolyn Kerney's fraudulent "Trustee's Final Report"**

**filed in bankruptcy case number 06-31589, in the U. S. Bankruptcy Court in the Eastern**

**District of Tennessee, which states that the case is fully administered as to the IRS. The**

**report is fraudulent as the case was dismissed, not fully administered.**

See Exhibits "w" and "x" of Exhibit "A" of this Affidavit. A subsequent chapter 7 in the

Eastern District of Tennessee, case number 06-32767 is believed to be the targeted venue for

conspirators to defraud the affiants of their right to bring future litigation for violation of RICO,

to defraud them of their real estate and property rights associated with same. The Clerk of the

Court denied the affiant Jackie Reyes her right to file her list of creditors. Instead, he

electronically filed fraudulent entries in the *labeling matrix*. Clerk Armstrong includes in his

labeling matrix, a BankOne Belzoni Mississippi, instead of BankPlus Belzoni Mississippi. The

Affiant/Debtor correctly listed BankPlus Belzoni Mississippi on her creditor matrix which Clerk

Danny Armstrong refuses to file. Affiants submit that a scheme ensues to get a judgment lien on the aforementioned .36 acre parcel, reinstate the chapter 7 bankruptcy proceeding, cramming down the value of the existing mortgage on the parcel and entering a discharge, thereby conspiring to perpetuate the conspiracy to defraud the IRS, and the affiants.

## DUE PROCESS DENIED

Affiants/plaintiffs were order to respond to several motions including a Motion to Dismiss filed by bank officers alone. These officers, one of which is a private attorney for the bank have already filed an Answer, precluding a motion to dismiss for failure to state a claim upon which relief may be granted, which are the grounds for their motion. Exhibit "A" states the same. Judge Jordan entered an order dismissing the case against the bank officers furthering the conspiracy to defraud the IRS and the affiants, while denying affiants/plaintiffs' request in Exhibit "A" that they be relieved of Judge Tom Lee's April 20, 2006 Order. Lee states on page 6 of his April 20, 2006 Order,

> "The fact that the court's computer system has, for whatever reason, identified defendant BankPlus as Bankplus of Mississippi rather than as BankPlus, a Mississippi Banking Corporation is of no relevance and certainly does not detract whatsoever from the undeniable fact that an answer was timely filed by "BankPlus, a Mississippi Banking Corporation."[22]

BankPlus and its officers have committed computer fraud, as stated. Judge Lee's Order is no **less** than an obstruction of justice.

---

[22] An entity must be properly served to be considered present in an action under a false name. BankPlus, A Mississippi Banking Corporation was not properly served, as Copeland, Cook, Taylor and Bush intercepted summons. The law firm intentionally misrepresented the bank as Bankplus of Mississippi with intent to defraud the Plaintiffs. River Houston is entitled to Default Judgment against Bankplus, A Mississippi Banking Corporation. Judge Tom S. Lee's April 20, 2006 Order obstructs justice by denying her the right. Judge Jordan's March 21, 2007 Order obstructs justice by denying relief from Lee's Order. (See prayer in Exhibit "A")

The Court demands that the Affiants/plaintiffs proceed in a case in which their due process rights are denied, as stated in Exhibit "A". Exhibit "A" also contains a request from relief from an additional Order other than the two on its face. See page 24 of Exhibit "A" for an explanation of how District Court Judge Tom Lee conspired to defraud the affiants and the IRS by entering an Order favoring the named Defendants. Judge Tom Lee has full knowledge of the affiants/plaintiffs' Motion to Add the U. S. Government as party Plaintiff, as a result of a Petition for Writ of Mandamus submitted to the 5th Circuit Court of Appeals in March of 2006. The Court of Appeals refused to file the document. Lee's and Jordan's Orders are an obstruction of justice. Affiants submit that the conspirators may also enter a fraudulent judgment in favor of BankPlus, not actually under personal jurisdiction of the Court, and attempt to seize the .36 acre parcel.

Affiant Jackie Reyes submitted information to the IRS, received by the IRS on March 21, 2007 regarding the unlawful conduct of BankPlus, Belzoni, Mississippi and its partners who have unlawful possession of the real estate, as described herein. Affiant also submitted a copy of Exhibit "C" which is the Motion to Add the U. S. Government as Party Plaintiff, never entered on the docket in the U. S. District Court in the Southern District of Mississippi. As stated, it was also on March 21, 2007 that the U. S. District Court in the Southern District of Mississippi entered an Order dismissing Plaintiff/affiants action against certain named Defendants, with prejudice, two days after the Plaintiffs' motion was entered on the docket. Affiants submit that this maneuver is no more than obstruction of justice with intent to defraud the IRS. Affiants submit that it is highly likely that someone on the inside at the IRS is now involved as a coconspirator and that it is more than a coincidence that the Order was entered on the same day the IRS received the letter from the affiant/tax payer, Jackie Reyes.

20

24

It appears that the conspirators are setting the stage, not only to defraud the tax payer, her

mother and daughter, the citizens of the state of Mississippi, the U. S. taxpayers and creditors

of the tax payer, including the IRS, but to cause the tax payer to be charged with tax code

violations. The tax payer has *not* submitted fraudulent information to the IRS, but has come

forth with information necessary to protect the rights of the IRS and the American People to be

treated honestly and fairly, with regard to the funds of the Department of the Treasury. It appears

that the conspirators seek to have the affiant/tax payer arrested and jailed, by entering a void and

illegal order[23] dismissing the affiants case against most named Defendants, except those whom

the affiant presented to the IRS as withholding the affiant/tax payer's property, then by charging

the affiant/plaintiff/tax payer with tax code violations.

In addition to the requests made above, Affiants respectfully request that the U. S.

Attorneys in Mississippi seek an immediate injunction restraining the fraudulent March 21, 2007

federal court order and April 20, 2006 Order, and an injunction granting immediate possession of

the affiant/plaintiffs' real estate to the affiants.

STATEMENTS BY JACQUELYN A. PIERCE

On February 20, 2007, I, Jacquelyn A. Pierce witnessed activity in the Shallow Creek

Subdivision which appeared to be preparation to physically remove the house from the 1.18 acre

---

[23]     District Court Jordan's Order perpetuates the conspiracy to defraud the Plaintiffs, the affiants, the
IRS, and the citizens of the State of Mississippi of rights and liberties guaranteed by the U. S. Constitution.
**(See Exhibit "A")**

lot described in the affiant Reyes Homestead Declaration at exhibit "ii" of Exhibit "A"    On March 12, 2007 I drove into the subdivision and saw that the house has been moved across the road from the 1.18 acre lot.   It is my belief that the value of the .36 acres parcel, which I hold a mortgage on, and which affords access to the subdivision property, will increase in value with more improvements to the subdivision.  My daughter, Jackie Lynn Reyes and I are seeking assistance from the U. S. Attorney for the purpose of gathering information which will help to determine the true value of the parcel, and the enforcement of our rights to be free from criminal conspiracies to defraud.  This affiant requests immediate intervention by the U. S. Attorney to prevent theft of the property by any unlawful means.  The inheritance rights of my children are also at stake.  I own additional property located in the Shallow Creek subdivision which I believe to be affected by the conspiracy to defraud described herein.

This affidavit includes the following exhibits:

**EXHIBIT A**.   44 page Motions Document with the following 35 exhibits

1. Exhibit "1"…………..Schedule of Exhibits

2. Exhibit "a"………………Plaintiffs;' January 22, 2007 motions document titled "AMENDED
   Motion to Alter or Amend December 20, 2006 Order and
   Motion for Relief from April 20, 2006 Order

3. Exhibit "b"………………Document titled, "Defendant Doug Engel's Response to Plaintiff's
   Motion to Alter or Amend December 20, 2006 Order and Motion for Relief from
   April 20, 2006 Order.

4. Exhibit "c"……………….Document titled, "Defendant John Allison's Opposition to
   Plaintiff's Amended Motion to Alter or Amend December 20, 2006 Order and
   Motion for Relief from April 20, 2006 Order."

5. Exhibit "d"…………….Document titled, "Defendants, BankPlus, Thomas R. Hudson, Jack

<u>Webb and Wayne Kidd's Response to Plaintiffs' Motion (and Amended Motion)
to Alter to Amend December 20, 2006 Order and Motion for Relief from April 20,
2006 Order.</u>

6.  <u>Exhibit "e"</u>.............Proof of the named Defendant bank suing under the name "BankPlus,
a Mississippi Banking Corporation"

7.  <u>Exhibit "f"</u>..................."Corporate Disclosure Statement by a "BankPlus of Mississippi"

8.  <u>Exhibit "g"</u>..................Notice of Electronic Filing stating, "Docket text:  Corporate
Disclosure Statement of BankPlus of Mississippi (Anlage, Caryn)"

9.  <u>Exhibit "h"</u>.............Notice of Electronic Filing stating, "Docket text:  Answer to
Amended Complaint, Counterclaim, against Jaclyn Houston by BankPlus of
Mississippi, Thomas R. Hudson, Jack Webb, Wayne Kidd.(Thomas, Robert)"

10.  <u>Exhibit "i"</u>...................Notice of Electronic Filing to docket number 63

11.  <u>Exhibit "j"</u>...................Notice of Electronic Filing to docket number 85

12.  <u>Exhibit "k"</u>...................Notice of Electronic Filing to docket number 89

13.  <u>Exhibit "m"</u>..................Summons issued to BankPlus, a Mississippi Banking Corporation

14.  <u>Exhibit "n"</u>..........................Process Receipt and Return

15.  <u>Exhibit "o"</u>....................Notice of Electronic Filing.........Notice that Plaintiff is not
permitted access to the Court.

16.  <u>Exhibit "p"</u>..................."Motion to Dismiss" filed in bankruptcy case 06-50103-ERG
SOUTHERN DISTRICT OF MISSISSIPPI (bankruptcy ct)

17.  <u>Exhibit "q"</u>..................."Order of Dismissal" in bankruptcy case 06-50103-ERG
SOUTHERN DISTRICT OF MISSISSIPPI (bankruptcy ct)

18.  <u>Exhibit "r"</u>.............."Final Decree/Order Closing Case in bkrptcy case 06-50103-ERG
SOUTHERN  DISTRICT OF MISSISSIPPI (bankruptcy ct)

19.  <u>Exhibit "s"</u>..................."Debtor's Objections to "Final Decree/Order Closing Case"
SOUTHERN DISTRICT OF MISSISSIPPI  (bankruptcy ct)

20.  <u>Exhibit "t"</u>.............. .Letter from Clerk of bkrptcy court Clerk stating no action taken
SOUTHERN DISTRICT OF MISSISSIIPPI (bankruptcy ct)

21.  <u>Exhibit "u"</u>............. "Motion for Relief from "Final decree/Order Closing Case, Motion

For Injunctive Relief, Motion for Change of Venue and Due Process Demand"
By Jackie Lynn Reyes in bankruptcy case 06-50103-ERG in
SOUTHERN DISTRICT OF MISSISSIPPI (bankruptcy ct)

22. Exhibit "v"...........document filed in case number 06-31589 in U. S. Bankruptcy Court in
EASTERN DISTRICT OF TENNESSEE
Amended Notice of Motion for Change of Venue of Mississippi case to
Eastern District of Tennessee

23. Exhibit "w".........Gwendolyn Kerney's "Trustee's Final Report" filed in case 06-31589
EASTERN DISTRICT OF TENNESSEE

24. Exhibit "x"...............Debtor's Objection to Trustee's Final Report
EASTERN DISTRICT OF TENNESSEE

25. Exhibit "y"...............Order on Debtor's Objection to Trustee's Final Report
EASTERN DISTRICT OF TENNESSEE

26. Exhibit "z"..................Labeling matrix filed by U.S. Bankruptcy Court Clerk
Danny Armstrong in case 06-32767 in the
EASTERN DISTRICT OF TENNESSEE

27. Exhibit "aa..................Three letters of deficiency from the **IRS**

28. Exhibit "bb"..............  Sketch of Plaintiffs .36 acre parcel

29. Exhibit "cc"...........Sketch of Plaintiffs 1.18 acre where home is located and 40 +/- acres
attached thereto.

30. Exhibit "dd".................Judge Richard Stairs January 11, 2007 Order
EASTERN DISTRICT OF TENNESSEE

31. Exhibit "ee"................ Judge Olack's "Final Decree/Order Closing Case"
SOUTHERN DISTRICT OF MISSISSIPPI

32. Exhibit "ff"...........Financing Statement by BankPlus, a Mississippi Banking Corporation
For Steven Dunnam

33. Exhibit "gg"................Title Certificate to BankPlus, a Mississippi Banking Corporation
by Plaintiff's real estate attorney

34. Exhibit "hh".......... ..Contract between  building contractor Steve Dunnam and Plaintiff

35. Exhibit "ii"...................Plaintiff's Homestead Declaration

**EXHIBIT B**   January 21, 2005 Order by U. S. District Court

**EXHIBIT C**   Motion by Plaintiff to Add the U. S. Government as Party Plaintiff

**EXHIBIT D**   March 21, 2007 Order by U. S. District Court

**EXHIBIT E**   **Copy of Complaint (w/out exhibits) of case number 3-07-cv00269,** <u>pending in</u>
<u>the Middle District of Tennessee</u>**, Order, and Tax payer's March 20,**
**2007 Motion requesting transfer of the case to District Court in Mississippi**

**EXHIBIT 1**   Notices of Intent to Levy

**EXHIBIT 2**   Omitted

**EXHIBIT 3**   Depiction of .36 acre parcel

**EXHIBIT 4**   Depiction of 1.18 acre lot and entire subject property

**EXHIBIT 5**   Appraisal by BankPlus

**EXHIBIT 6**   Quitclaim Deed

**EXHIBIT 7**   bank notes

**EXHIBIT 8**   AFFIDAVIT BY STEVE DUNNAM

**EXHIBIT 9**   Contract between Dunnam and tax payer

**EXHIBIT 10**   Quitclaim Deed by Dunnam and loan documents by tax payer

**EXHIBIT 11**   Financing Statement and Deed of Trust between Dunnam and Bankplus

**EXHIBIT 12**   Title Certificate to BankPlus

**EXHIBIT 13**   Transcript of Conversation (Evidence of Violation of Antitying Provision of
Bank Holding Company Act)  Tape Included

**EXHIBIT 14**   Trial Brief filed by Douglas Engle

**EXHIBIT 15**   "Corrected Trustee's Deed"

**EXHIBIT 16**   "Motion for Relief From Automatic Stay and for Abandonment" by BankPlus

29

**EXHIBIT 17**   "Trustee's Deed"

**EXHIBIT 18**   Summons

**EXHIBIT 19**   "Lauderdale County Court Abstract"

**EXHIBIT 20**   "Special Warranty Deed"

**EXHIBIT 21**   "Deed of Trust"

**EXHIBIT 22**   "CERTIFICATE OF SERVICE verifying service of Judge Jordan's March
21, 2007 Order on Jaclyn Houston, aka  Jackie Lynn Reyes

Jaclyn Houston, aka Jackie Lynn Reyes for herself, for her minor child, River Houston, for the
citizens of the State of Mississippi, and for the IRS and all other creditors of the affiant.

Jacquelyn A. Pierce

Sworn to and subscribed before me this **3rd** day of **April**, 2007.

ANN WILSON HAYES CHANCERY CLERK

by: _Ruluye g. Sketten idc._

Address of Affiants

12251A Hand Road
Collinsville, MS  39325
Ph: 601-986-5182

Due to the actions of those conspiring against the rights of the Debtor, her child and her

creditors, the Debtor was blocked from using her consumer credit counseling certificate

to seek restitution for her creditors in a bankruptcy court in the Eastern District of Tennessee.

The fraud committed upon the U. S. Bankrutpcy Court in the Eastern District of Tennessee and

the failure of attorney, Patricia Mollstoller, assigned to represent the estate and creditors of the

Debtor in Tennessee, contributed to the Debtor's cause of action in the aforementioned federal

false claims case.   The unlawful acts of the Defendants named in said case, and those acting in

concert with them, including Judge Houston, rob innocent Americans of their assets and

sabotage the nation's economic lifeline has many implications; however, it appears that their

primary goal is three fold:

(a)    to prevent minorities from equal and fair representation in the state and federal legislatures;
(b)    to defraud Americans of their assets and rights to a healthy economy, forcing the poor
       into a state of destitution and the middle class into a state of poverty, **promoting illness
and disease to come upon our children in an effort to control population growth.**
(c)    to cause the Republican party to maintain control of a corrupt U. S. Government system
and to **prevent "CHANGE"** in favor of a healthy economy for all Americans.

Children of every race and color are in grave danger, however, conspirators spread messages of

hatred and bigotry towards people of color, to enlist a number of persons and/or organizations to

act as accomplices to various unlawful schemes and to help conceal those schemes, devised to

defraud our state and federal treasuries, affecting all Americans. The damages caused by the

unlawful acts described herein are far reaching, beginning with the malicious and unlawful

removal of innocent children from their homes, *as in this case*, to promotion of hunger,

homelessness and poverty by forcing the middle class into a state of poverty and the poor into a

state of destitution.   The criminal organization, believed to be based within the National

Republican Party, began its attack upon the Debtor and her creditors by undermining her

financial securities.   The tactics of the criminal organization, best described as "shock and awe"

7/30/08                                                          31

tactics…, are to promote, homelessness and fear among its victims, to instill a great sense of shock, and disbelief, and to institute a struggle to survive for the purpose of causing its victims to forfeit assets and succumb to an existence under the control of an oppressive government system exercising population control by attacking innocent children. The Debtor is a minority real estate developer whose assets were seized as a result of her *refusal* to join the criminal organization. Reyes was threatened by white business persons who insisted that she refrain from selling real estate to minorities in a primarily white voting district in central Mississippi. *The organization continues to attack Reyes' efforts to expose the sabotage of our nation's economic lifeline, and her efforts to seek justice for the American People.* Multiple acts of obstruction of justice by the coconspirators, has resulted in extreme ***aggravated abuse and terrorism*** upon the child Plaintiff in the Federal False Claims case and her mother, who have endured the unyielding and torturous behavior of the conspirators, having committed and/or conspired to commit emotional and physical CHILD ABUSE **upon the child plaintiff herein as part of a conspiracy to promote illness, disease and widespread epidemics among our nations uninsured children and to sabotage the economic lifeline of all Americans**, and continue to subject Plaintiffs Reyes and River Houston, and all innocent Americans to a life of slavery[1] by refusing to abide by, uphold, and enforce state and federal law and our constitutions. The Debtor herein submits that conspirators seek to cause her arrest and the unlawful seizure of her daughter, the child Plaintiff. **Conspirators are attempting to force Plaintiff Reyes to change her name and race, for the purpose of defeating a Federal False Claims**

---

[1]    SLAVERY - The civil relation in which one man has absolute power over the life, fortune, and liberty of another. "NO PLACE MORE THAN MISSISSIPPI HAS BEEN TORN BY SLAVERY, BY THE LOST PROMISE OF EMANCIPATION AFTER THE RECONSTRUCTION PERIOD, BY THE RESURGENCE OF RACIST POWER IN THE LATTER PART OF THE 19TH CENTURY AND MOST OF THE 20TH, AND BY THE LEGACY OF POVERTY AND RACIAL SEPARATION THAT STILL EXISTS."    (Robert McDuff) Article - The Voting Rights Act and Mississippi 1965-2006, April 2006

7/30/08                                                                                                          32

**case, (directly related to this case), pending in the U. S. District Court in the Northern**

**District of Mississippi in Oxford.**    (U. S. Attorney General Michael Mukasey has failed to

appear in said case, as required by U. S. Statute.)

Identity of the Debtor

3.   Reyes conducted her real estate business under an assumed name "Jaclyn Houston" for

personal reasons, yet within the law, an defrauded absolutely no entity.                    .

> "Unless prohibited by statute, a person, without abandoning his real name, may adopt or
> assume a name and may use such assumed name to identify himself in the transaction of his
> business, the execution of contracts, and the carrying on of his affairs, but must not use it to
> defraud though a mistake of identity. (Kreuter v. U. S., 1952 CA 10th Colo, 201 F 2d. 33).

Reyes informed Bankplus Belzoni Mississippi that her legal name is Jackie Lynn Reyes.   Her

name appears on her driver's license and social security card submitted upon opening her

accounts with said bank.   Reyes legal name appears upon the property deed submitted to said

bank as loan collateral.   Petitioner Reyes maintained her legal name on tax returns.   Bankplus

willfully, with facts in hand, chose to draft its financial documents in the name Jaclyn Houston,

despite federal law requiring it to draft the documents in her legal name, and she conducted her

business thereby, within the law.   Then officers of Bankplus, Belzoni, Mississippi, willfully and

knowingly, with intent to cause serious pecuniary harm to the Debtor and her creditors, breached

its contracts, violated the Sherman Antitrust Act as well as other acts of congress described

herein, including the hiring of legal counsel to file false identification documents identifying said

bank by a false name in a federal civil action.   Conspirators have attempted to create a smoke

screen by creating the false impression that Reyes attempted to defraud the bank, when it is in

fact that conspirators who are defrauding Reyes, her creditors and the general public.

4.   Reyes daughter, River Houston, was born on January 23, 2002.   Reyes checked into the

hospital under her alias, Jaclyn Houston, in part, for the protection of she and her unborn child

7/30/08                                                                                                    33

(for reasons not relevant to these proceedings). While in the hospital under the influence of heavy medication and just after childbirth, Reyes was asked to sign an identification form for the child's birth certificate. Reyes signed the form in the name which she checked in under, Jaclyn Houston. River's birth certificate reflects the name Jaclyn Reyes, which is incorrect. The correct spelling of River's mother's name is Jackie Lynn Reyes. Reyes has attempted to have her name corrected on her child's birth certificate. Conspirators are using her attempts to correct the child's birth certificate and are believed to have enlisted the aid of relatives of Reyes who are primarily interested in developing their real property located in the same voting district as the Debtor, Reyes and who believe that their property values will drop if minorities are permitted to move into the area freely.

5. On May 30, 2008, the Debtor asked her sister, Ann Dufour to sign a document under declaration of penalty of perjury verifying that Reyes legal name is in fact Jackie Lynn Reyes and that her race is Hispanic, for the purpose of correcting River Houston's birth certificate. Based on information and belief Ann Dufour and her husband George, and the Debtor's brother, Robert Reyes, who own adjoining prime real estate in the same predominantly white voting district as Jackie Reyes, plan to attempt to cause the Debtor's name to be changed via court order, likely in the Lauderdale County Chancery Court, as mentioned above, for the purpose of defeating the Debtor and her child's attempts to secure their home and to maintain federal false claims action 3:07CV79-B-A pending in the U. S. District Court in the Northern District of Mississippi.

7/30/09

34



**Based on information and belief, conspirators plan to attempt to force Plaintiff**

**Reyes to change her name and race, for the purpose of defeating a Federal False Claims**

**case, (directly related to this case), pending in the U. S. District Court in the Northern**

**District of Mississippi in Oxford.** ~~Defendant~~ *Coconspirator* Charlene Thomas is withholding

Plaintiff Reyes' 2007 IRS Form 1099 which identifies her by her legal name Jackie Lynn Reyes,

for the purpose of promoting the conspiracy to cause her name to changed. Defendants are also

withholding homestead and business property (a residential subdivision) which legally belongs

to the Debtor and her daughter, River Ashlyn Houston. Defendants and their coconspirators

continue to block minorities from owning and residing on land in a primarily white voting

District in east central Mississippi, (Collinsville, Mississippi area). ~~Defendants~~ *Conspirators* demonstrate

aggravated bias and prejudice: *including the Debtor*

    A. against "minorities" by failing to protect their right to vote and/or failing to protect their
right to have their vote counted on an equal and fair basis with white voters;

    B. against the United States Citizens and Taxpayers and Mississippi Taxpayers and the
Mississippi and National Democratic Party, by failing to protect the integrity of the electoral
process;

    C. against the rights of American taxpayer and citizens by failing to promote collections of
fines, penalties etc. for the much need enrichment of the Department of the treasury, causing
**drastic increases in gas, grocery, and other consumer goods throughout the U. S;**

    D. against the rights of our nation's uninsured children by failing to implement U. S.
protocols for funding the nation's treasury; denying insurance benefits on the false premise that
funds are not available. (*families are targeted and* **forsaken by the Bush Administration,**

---

~~of another~~. "NO PLACE MORE THAN MISSISSIPPI HAS BEEN TORN BY SLAVERY, BY THE
LOST PROMISE OF EMANCIPATION AFTER THE RECONSTRUCTION PERIOD, BY THE
RESURGENCE OF RACIST POWER IN THE LATTER PART OF THE 19TH CENTURY AND
MOST OF THE 20TH, AND BY THE LEGACY OF POVERTY AND RACIAL
SEPARATION THAT STILL EXISTS."  (Robert McDuff) Article - The Voting Rights Act and
Mississippi 1965-2006, April 2006

7/30/08                                                                          35

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

6.25. Our treasuries, funded in part by income tax revenue and interstate commerce are being

defrauded by a wealthy white Supremacist's organization comprised, in part, of:

- inner city landlords not required to pay income tax; Charlene Thomas, refuses to give the Plaintiff her 1099 tax document, as required by federal law, conspiring with the organization *to cause the Plaintiff's name and race to be changed*. Thomas runs a large real estate business and states that she does not pay taxes;

- government contracted construction firms who cause the organizations' victims to remain unemployed, such as YATES (interfered with Plaintiff's employment opportunities, and attempted to cause Reyes to be framed for fraud in connection with welfare benefits, conspiring for her arrest and seizure of her child, *to force Reyes to change her name and race*);

- state and federal court judges, some are board members of banks who unlawfully seize victims property, such as U.S. District Court Judge Tom S. Lee, who recused himself **after** entering a fraudulent *order obstructing Plaintiff rights to proceed in her legal name*.  Said right was granted by a previous court order; Lee stated that he was on the board of directors of a named coconspirator bank, Community Bank;

- real estate developers such as Gil Carmichael; Plaintiff is informed that Gil and State Senator Videt Carmichael are conspirators, maintaining predominately white voting districts. Videt is elected from a gerrymandered voting district and is believed to be on the Board of Directors of BancPlus Corporation.

- attorneys such as Doug Engel who file fraudulent documents to prevent their clients from keeping their home and business assets; Engel represented the Plaintiff from 2002 to 2003. He filed false documents in federal court to promote the conspiracy to sabotage the U. S. economic life line.  Engels attorneys committed computer fraud in federal court as part of a conspiracy *to prevent Reyes from proceeding therein in her legal name*.

- politicians such as the Lauderdale County Board of Supervisors, including Craig Hitt, also a real estate developer and former supervisor Eddie Harper. Harper is also a real estate developer who aspires to purchase property belonging to Reyes' family, located in predominantly white voting district 3, (Collinsville area).  Hitt and Harper vowed to charge Lauderdale County taxpayers to pave roads in a private subdivision, Shallow Creek Subdivision, legally the Plaintiffs, once the Plaintiff was defrauded of all the land.

The organization boycotts select businesses in interstate commerce and maintains gerrymandered

voting districts to insure political power to a primarily white organization.  The organization

enlists multiple persons and/or organizations to carry out unlawful schemes to maintain a corrupt

━━━━━━━━━━━━━━━━━━━━━━


7/30/09

34

government system by preventing the state and federal treasuries from:

collecting taxes from the wealthy,
collecting fines and penalties as a result of federal law violations, (their own),
collecting taxes owed which are related to target properties, so they don't have to pay them.

The conspirators attempt to convince taxpayers that there is not enough money to fund various programs such as S-CHIPS[2] and Medicaid; and they cause cuts in other social service programs which support the elderly, our orphaned children, the sick, the homeless, the hungry. (13,600 families are still homeless in the wake of Katrina). **Conspirators seek to rid themselves of many who are dependent on the federal government for support. (See Exhibit "A").** As a result of conspiratorial efforts to defraud the federal government, as further described on pages 5-30 of this document. On June 28, 2007, Plaintiff Reyes and her daughter filed case 3:07CV79-B-A pending in the U. S. District Court in the Northern District of Mississippi, a federal false claims action. Plaintiffs in said case, on September 26, 2007, filed an Emergency Motion for Extraordinary Writ pursuant to the All Writs Act (28 USC 1651), the Voting Rights Act (42 USC 1973), and the Justice for All Act (18 USC 3771(d)(3). The clerk and deputy clerk of the U. S. District Court in the Northern District of Mississippi created a false record (the docket), in attempt to implicate the Plaintiffs for racketeering and **to defeat the action wherein the U.S. Attorney General is a Defendant**, as well as multiple state and federal officers. U. S. District Court Judge Biggers entered a series of void Orders, attempting to defeat the action. On May 09, 2008, Plaintiffs in said federal action filed a Motion seeking relief including relief from Biggers Orders and an order to correct the docket. On **May 12, 2008**, said Plaintiffs filed an Amended version of the May 09 motion, seeking relief including class action relief for:

a. The PEOPLE of the STATE of MISSISSIPPI, as victims of economic fraud
b. U. S. Taxpayers, as victims of breach of good faith and fair dealing of the accounting of treasury funds

---

[3]    STATE CHILDREN'S HEALTH INSURANCE PROGRAM

7/30/08                                                                                             37

c. <u>Mississippi Democrats</u>, as victims of the undermining of the federal election process
d. <u>Mississippi minorities</u>, as victims of a conspiracy to force them and/or fence them out of particular voting districts
e. <u>CHILDREN, **uninsured and forsaken by the BUSH ADMINISTRATION**</u>, as victims of a conspiracy to cause sickness, disease, and wide spread epidemics in this country.

A true and correct copy of the May 12, 2008 Amended Motion, filed by Plaintiffs in the federal false claims case, is attached hereto as Exhibit "A". The deputy clerk of the federal court refused to properly docket Plaintiffs May 12, 2008 Amended Motion, conspiring against the rights of all Plaintiffs in said action, including the U. S. government. As part of the scheme, conspirators have, and are attempting to create the appearance that Jacquelyn A. Pierce, creditor of Reyes, and/or Reyes have e-mail and/or fax and/or voice mail, etc. Plaintiff Reyes has no telephone, and does not have e-mail or fax or voice mail. See statement by Jacquelyn A. Pierce on page 46 herein. <u>THE CHILD PLAINTIFF, River Houston, is deprived of health care coverage and deprived of access to health care, by state and federal government officials. She has moved the U. S. District Court, *by and through her mother and natural guardian, Jackie Lynn Reyes*, to certify the action as a class action on behalf of all uninsured children whose families qualify for S-CHIPS. Conspirators are attempting to cause the child's mother to be incarcerated, and to defeat the aforementioned federal false claims action, for the purpose of preventing the child plaintiff from securing the rights of said children to receive health care coverage and equal access to health care coverage.</u> The S-Chips Bill proposed by Congress is designed to offer insurance to children of middle class families who earn up to over 400% of the national poverty level and who do not have insurance through employment. Many of these families rely on blue collar jobs and/or self employment positions which are being taken by illegal immigrants pouring into this Country, willing to work for lower wages, forcing American families legally residing in America, out of work. Therefore, uninsured families are immediately faced with a harsh and brutal combination of poverty and unemployment. Plaintiffs submit that

7/30/08

39

the answer to this tragic dilemma is found, in part, in Article I of our United States Constitution

projected by the following excerpt from a statement made by Plaintiffs Reyes and Houston in

Exhibit "A" attached hereto.

> "*American Citizens must be allowed the opportunity* to elect Government leaders
> with a mindset focused on improving *programs that are already in place*, geared
> towards the well being and safety of Americans, such as S-Chip for kids."

The Child Plaintiff is uninsured. In 2006, her mother began working for a commercial painting

contractor, and would have earned $29,000.00 per year, had she not been forced out of work by

conspirators in an effort to cause her to remain poverty stricken, in an effort to defraud she and

her child of their assets.[3] Reyes had no health insurance through her employer, and was in a

qualified income bracket, thus her daughter was eligible for the S-CHIPS program. Reyes has

been self employed or unemployed since her employment with T. E. Roberts was unlawfully

terminated. Conspirators interfere with potential employment opportunities and are also

believed to be involved in preventing a contractor, whom Reyes worked for in 2007, from

submitting tax documentation to Reyes, as described below. Reyes applied for health care

coverage and job placement assistance from the Mississippi Department of Human Services in

September of 2007. No response followed. On March 31, 2008, Plaintiff Reyes sought

professional dental services for her daughter, Plaintiff River Houston, at the Greater Meridian

Clinic. Said clinic accepted payment, on a sliding scale, from Jackie Reyes, for services to the

child petitioner, and further, accepted payment on April 01, 2008 from Jackie Reyes, for copies

of River's dental records. Greater Meridian Clinic scheduled another appointment for River,

only to later deny her the right to keep the appointment unless Reyes made additional payments,

---

[3]     Reyes was employed by T.E, Roberts Commercial Finishers in Knoxville, Tennessee, who
happened to be a subcontractor to a subsidiary of Yates Construction Company out of Philadelphia, MS,
whose CEO and/or managing officers were, or are, on the Board of Directors of Bankplus, Belzoni,
Mississippi and/or its Bank Holding Company, Defendants herein.



39

in advance, on a **non** sliding scale. Said clinic has failed to note on River's records that payments were made in relation to River's dental visit. Clinic representatives then stated that Reyes could qualify for their sliding scale fee program only upon submission upon income verification from her employment in 2007, even though River was granted her initial appointment based on a sliding scale fee. Charlene Thomas, contractor who provides inner city housing primarily to minorities, and who hired Reyes in 2007, has failed to produce said tax documents and/or income verification. Thomas, who has multiple rental properties in the city of Meridian, states that she does not pay income and social security tax. Thomas, using the telephone, attempted to persuade Reyes that Reyes had knowledge of the fact that Thomas does not pay income tax and social security tax, to implicate Reyes in the conspiracy to defraud the federal government, and to cause her arrest.

7. 36. On April 24, 2008, Reyes took River to University Medical Center, Blair Batson Hospital to attempt to seek dental treatment. Dr. Belknap offered to perform dental extractions on that day, then refused service. Belknap then offered a *private consultation* to discuss River's mental health, an area outside of his expertise, in what appeared to be an attempt to cause Reyes to discuss issues present in the *sealed federal false claims case*. Belknap also asked Reyes another unusual question, that is, if she has e-mail. (Conspirators have long attempted to cause Reyes to claim that she had e-mail or a fax machine, for supporting a scheme to cause Reyes to appear to have committed wire fraud, in support of a scheme to have her arrested.) Also, Tracy Parker, Blair Batson dental services clerk, on April 24, 2008 and April 25, 2008 appeared to have been attempting to create the appearance that Plaintiff Reyes' name was something other than Jackie Reyes. As previously stated, conspirators are attempting to change Reyes name. Reyes, on May 07, 2008, spoke to K. Squires, UMC Administrative Assistant and Ed Nobles,

7/30/08                                                                 40

attorney for UMC Hospital, in an attempt to seek the voiding of documents in which Reyes

inadvertently granted permission for contractors of the hospital to obtain and release information

for purposes other than treatment and wherein Reyes *inadvertently* certified that River was a

Medicaid recipient. Reyes explained to Ms. Squires that hospital personnel, on April 25, 2008

would not acknowledge her by name and that it appeared that said personnel were attempting to

cause Reyes to acquiesce to the name "Miss Rivers." Based on the conversation with Squires

and others mentioned herein, it also appears that hospital staff and/or personnel and/or

contractors of said hospital and conspirators have devised a scheme to cause Reyes to be charged

with racketeering, in relation to Reyes filing of a February 29, 2008 document in the Mississippi

Supreme Court wherein she made a critical error in favor of the conspirators; however, Reyes

amended the document on March 03, 2008. The Mississippi Supreme Court Clerk refuses to

docket the March 03, 2008 amended motion. Based on information and belief, the

aforementioned entities of Greater Meridian and UMC Hospital also conspire to commit fraud

upon this court and defeat proceedings pending in the Mississippi Supreme Court and Northern

District Court in Mississippi, by aiding and abetting a conspiracy to defraud the Federal

Treasury, promoting a horrific conspiracy to cause disease and sickness to come upon

underprivileged children, uninsured in America.

8. 9⃣. Defendant BankPlus, Belzoni, Mississippi, a Mississippi Banking Corporation

unlawfully withholds real estate subject to taxes owed to the IRS by Plaintiff Reyes. Said bank

withholds the real estate with intent to evade or defeat provisions of the Internal Revenue Code,

sections 7201, 7206, 7212, 7214, and 7302, to aid and abet creation of a monopoly in the

residential real estate and housing markets. The role of Bankplus, Belzoni, Mississippi in the

horrific conspiracy to sabotage this nation's economic lifeline and to cause widespread

epidemics among this nation's children, begins with its participation in a racketeering organization's theft of the assets of innocent Americans.   The pages ~~that follow~~ are in the form 5-30 of an Amended Affidavit of Information to the IRS and Dunn Lampton, the U. S. Attorney for the Southern District of Mississippi, and describe the beginning steps as to how the organization attacks small business owners, creates monopolies in the housing and real estate markets, and maintains predominantly white voting districts to support its conspiracies.   Pursuant to 28 U.S.C 547, each United States Attorney, within his District shall:

(1)  prosecute for all offenses against the United States,
(2)  prosecute or defend, for the Government, or civil actions, suits or proceedings in which the United States is concerned.

Also, pursuant to 28 U.S.C. 3771, a crime victim is entitled to rights including:

(1)  the right to be reasonably protected from the accused;
(6)  the right to full and timely restitution as provided in law;
(7)  the right to proceedings free from unreasonable delay.

Dunn Lampton and the United States Department of Justice fail to act as required by law, infringing upon the Plaintiffs' statutory rights and causing them to be deprived of their Constitutional rights.   As a result of Dunn Lampton's failure to act as required by law, the Plaintiffs remain unprotected from the accused, deprived of liberty and property rights.

7. 28.   The Tennessee Department of Human Services, Yates Construction, T. E. Roberts Commercial Interiors and Mark and Illabelle Lee, worked together to promote a conspiratorial scheme in Knoxville, Tennessee to prevent Reyes from securing the U.S. Government as an indispensable party to any civil action.   Mark Lee is a "trustree" at North Knoxville Seventh Day Adventist Church and his wife, Illabelle, is the "church treasurer."   The couple placed their

7/30/08

42

land in a trust and leased it to said church so the congregation would pay their house and land note and the Lee's could defraud the IRS. The couple then leased a garage apartment to Reyes and her daughter, and embezzled the rent money from the church. Mark and Illabelle Lee then made fraudulent representations to a U. S. Court, working in conjunction with the aforementioned construction companies and the Tennessee DHS for the purpose of unlawfully evicting Reyes and her daughter, thereby assisting the conspirators in defrauding the state and federal treasuries. The Lees openly slandered Reyes to the congregation and participated in a conspiracy to cause Reyes to be arrested and her daughter to be taken into custody, in another attempt to cause Reyes to change her name and race, as described. Reyes and her daughter were denied pre-approved housing from Tennessee Housing Authority.

**19.** On or about April 04, 2007 Reyes and her daughter moved to Mount Pleasant Texas, where they resided in a furnished apartment **inside** the First Assembly of God. Pastor Don White and his wife who have government subsidized property, were in violation of federal code and housing and building codes, according to sources. The Whites, in an attempt to gain tax write offs, made fraudulent representations to the Texas Health and Human Services Corporation in papers filed on behalf of Reyes and her daughter. Don White physically abused the child Plaintiff, withheld federal mail addressed to Reyes from the IRS, and attempted to induce Reyes to enter a federally protected mail receptacle for the purpose of causing her arrest and causing her child to be taken into custody, forcing Reyes to change her name, as described below. On or about May 23, 2007, Reyes and her daughter moved from the church under police escort, into what was supposed to be a protective environment, Safe-T Shelter of Mount Pleasant, Texas. Reyes was immediately approved for public housing. Housing authority personnel were also on the Board of Directors of Safe-T Shelter. On June 05, 2007, Reyes

learned that a Federal tax lien had been filed against her, in Lauderdale County, Mississippi.

Reyes, on June 06, 2007 provided the Mount Pleasant Housing Authority with a copy of a report

filed with the internal revenue service and U. S. Attorney regarding Teresa and Don White and

the conspiracy to defraud the Federal Government, and requested permission to remain in the

Shelter while the investigation was ongoing. On June 06, 2007, Reyes and her daughter were

forced to move from the shelter and subsequently denied their right to pre-approved housing

from Mount Pleasant, Texas Housing Authority.

30. A federal tax lien filed against Plaintiff Reyes is a result of taxes assessed in violation

of the United States Bankruptcy Code, and therefore, said lien should be released as to Jackie L.

Reyes. Said lien was created by conspirators for the purpose of forcing Reyes in to an

*insolvency proceeding, attempting to defraud her of her rights to litigate the present issues.*

Reyes agrees the taxes are due the federal government and has attempted on *multiple occasions*

to insure full collection of said taxes. Reyes properly requested release of the federal tax lien

from the IRS, on or about June 04, 2008, in accordance with section 401.6325-1(f).

Pursuant to 26 USC 6325-(a) the IRS district director or appropriate official shall issue a

certificate of release of the Federal Tax Lien, with 30 days upon finding that the lien is legally

unenforceable. The IRS has failed to respond to the debtor's request for release of said lien.

The Debtor's 1999, 2000 and 2001 federal taxes were assessed, according to C-23 IRS

documents, between March 27, 2006 and April 17, 2006. Bankruptcy action 06-50103

commenced in the U. S. Bankruptcy Court in the Southern District of Mississippi on February

22, 2006 and was voluntarily dismissed on April 18, 2006 due to the failure of Dunn Lampton to

perform his legal duty on behalf of the United States. The federal tax lien was created in

violation of the U. S. Bankruptcy Code, to provide an "out" for the conspirators who planned to

2/30/08                                                                              44

force Reyes to forfeit the land in an insolvency proceeding, and then seek release of the lien for themselves.

31. Reyes and her daughter, River Houston returned to Mississippi on or about June 24, 2007, and filed the aforementioned Federal False Claims case in the Northern District of Mississippi for purposes including the reinstatement of possession of their lawful homestead and to insure Reyes right to vote and otherwise participate in ongoing federal election processes. Pursuant to 23-15-11 of the Mississippi Code,

> "Every inhabitant of this state, except idiots and insane persons, who is a citizen of the United States of America, eighteen (18) years old and upwards, who has resided in this state for thirty (30) days and for thirty (30) days in the county in which he offers to vote and for thirty (30) days in the incorporated city or town in which he offers to vote, and who shall have been duly registered as an elector pursuant to Section 23-15-33, and who has never been convicted of any crime listed in Section 241, Mississippi Constitution of 1890, shall be a qualified elector in and for the county, municipality and voting precinct of his **residence**, and shall be entitled to vote an any election…"

Plaintiff Reyes is a citizen of the United States and of the State of Mississippi. She currently has no fixed or permanent residence as a result of the conspiracy described herein. Reyes legal residence is unlawfully in the possession of coconspirators, thereby abridging her right to vote by preventing her from qualifying.

> All elements of home and habitant cannot be excluded from a definition of the word "residence." Jones v. State ex rel. McFarland (Miss 1949) 42 So 2d 13, 207 Miss 208.

> Residence is usually equated with place of fixed present domicile. Williams v. Salerno 792 F. 2d 323.
> That is properly the "domicile" of a person where he has his true fixed permanent home and principal establishment and to which whenever he is absent he has intention of returning. Smith v. Deere (Miss 1943) 195 Miss 502, 16 So 2d 33.

Based on the totality of circumstances, the political processes leading to nomination or election in the State or political subdivision are not equally open to participation by members of a class of citizens who have less opportunity than others members of the electorate to participate in the





political process and to elect representatives of their choice. Plaintiff Jackie Lynn Reyes is an

Hispanic/American female and member of classes of persons entitled to equal protection of the

law pursuant to the 14th Amendment of the United States Constitution, whose rights are and

have been adversely affected by the unlawful acts of the coconspirators who have conspired to

interfere with federal voting rights in violation of 42 U.S.C. 1985(3) and have abridged the right

of Plaintiff, Jackie Lynn Reyes, to vote, on account of race, and/or color, and gender in violation

of the Equal Protection Clause of the 14th Amendment of the U. S. Constitution, and have

abridged the right of the Plaintiff Reyes to vote in violation of the 15th Amendment of the U. S.

Constitution which insures freedom to vote without discrimination on the basis of race or color;

and have abridged the right of Plaintiff Reyes to vote, in violation of the 19th Amendment of the

U. S. Constitution which insures the right to vote without discrimination on the basis of gender.

Reyes is victimized by the coconspirators who have acted with discriminatory intent, as she was

similarly situated to members of an unprotected class (male real estate developers and white

voters), and she was treated differently from same.

## STATEMENT BY JACQUELYN A. PIERCE

12. Jackie Lynn Reyes is a Hispanic/American. Jackie Reyes natural father, Robert

Valdez Reyes, deceased, was Hispanic, and I, Jacquelyn A. Pierce, am Jackie Reyes natural

Mother. Jackie Lynn Reyes is my daughter's legal name. River Ashlyn Houston is Jackie

Reyes' natural daughter and my granddaughter. River's mother's identity is misstated on the

child's birth certificate, and should read Jackie Lynn Reyes, and should indicate that the child's

mother is Hispanic/American. In addition, I, Jacquelyn A. Pierce, do not have e-mail. I do

not have voice mail, and I do not have a fax machine. *Jacquelyn A. Pierce*

7/30/08

46

*Jacquelyn A. Pierce*

I, Jacquelyn A. Pierce swear under declaration of penalty of perjury that the foregoing statement is true and correct to the best of my knowledge.

3. Conspirators continue to attempt to gain full control of the Plaintiffs assets and continue to attempt to change the name of Jackie Lynn Reyes, to defeat all attempts by Reyes to bring justice to the American People and to her creditors, including Robert Woodard and Steven Dunnam. Another American family undergoing an attack by the conspirators is the family of Robert Woodard, who contracted services for Reyes during the development of Shallow Creek Properties. Conspirators interfered with contractual relations between Woodard and Steven Dunnam, costing Robert Woodard thousands he invested to help his family. Conspirators launched their attack upon Dunnam's real estate business and embezzled tens of thousands from Woodard and his children. Conspirators stole Woodard's family boat **on the day of and during the hour of his wife's funeral**. <u>Jim Hood, Attorney General of the State of Mississippi, refused to help the Woodard family</u>. Conspirators launched its smear campaign upon Reyes, in part, to help conceal their actions of stealing assets from other families and encourage other persons to rely on information from its smear campaign against Reyes, to conceal true motives behind the theft of Reyes assets and to protect criminal corporations operating out of and within out state; their true motive being hatred and greed, and a not so long term plan to destroy the economy of this state and the nation, promoting homelessness, hunger, poverty, disease, and worse.

4. Unless prohibited by statute, a person, without abandoning his real name, may adopt or assume a name and may use such assumed name to identify himself in the transaction of his business, the execution of contracts, and the carrying on of his affairs, but must not use it to defraud through a mistake of identity.[*]

---

[*] Reyes informed Bankplus, Belzoni, Mississippi, financier of her real estate business, that her legal name is Jackie Lynn Reyes. Her name, Jackie Lynn Reyes, appears on her driver's license and social

7/30/09                                                                47

(Kreuter v. U. S. 1952 CA 10th Colo, 201 F. 2d. 333)

*Reyes has not abandoned her legal name*, Jackie Lynn Reyes, however, conspirators have

devised several schemes to attempt to create the appearance that she did so. (Conspirators

conduct their schemes in ways which may go undetected by those unwary of the manipulative

tactics of a deceitful organization.) On May 30, 2008 Reyes and Pierce went to the place of

employment of Reyes sister, Ann Dufour, and asked her to sign a document verifying that Reyes

legal name is in fact Jackie Lynn Reyes and that her race is Hispanic, for the purpose of

correcting Reyes' daughter, River Houston's birth certificate. Based on information and belief,

Ann Dufour recorded that conversation and submitted it to conspirators as part of a scheme to

secure a default judgment against Reyes in the Lauderdale County Chancery Court, or some

other tribunal, without knowledge of the Debtor, who is not amenable to service of process.

The Debtor submits that the conspirators plan to submit to a court upon request for default

judgment that Reyes name should read "Jackie or Jaclyn *Houston*" on the child's birth

certificate. The deputy clerk of the Lauderdale County Chancery court, on May 15, 2008,

refused to answer Reyes when she inquired of civil actions which may have been filed against

her (other than 04-310-M, which Reyes is aware of). In addition, the Clerk of said court has

created a false record, *omitting the name Jackie Lynn Reyes* as a defendant and a counterclaimant

in civil action 04-310-M. This maneuver is to support her participation in the conspiracy to

security card submitted upon opening her accounts with said bank. Reyes legal name also appears upon the property deed submitted to said bank as loan collateral. Petitioner Reyes also maintained her name on tax returns. Bankplus, willfully, with facts in hand, chose to draft its financial documents in the name Jaclyn Houston, despite federal law requiring it to draft the documents in her legal name, and she conducted her business thereby, with no intent to defraud any entity. Officers of Bankplus, Belzoni, Mississippi willfully and knowingly, with intent to:      - violate state and federal antitrust laws; defraud the U. S. Govt. and Mississippi Taxpayers      - cause serious pecuniary loss to all petitioners herein; and      - fence out "minorities" from voting District 3hired counsel to represent said bank using a false name and committed federal acts of terrorism, as described on pages  5  Through 30 of this document, to protect it from judgment in a federal action, as while at the same time, seeking judgment against Plaintiff Reyes. (Said bank attempts to convince the general public and coconspirators that it is Reyes who attempts to defraud entities using a false name, which is absolutely untrue.)

7/30/08                                                          49

cause Reyes name to be changed). The default judgment is believed to be sought by the U. S. Government for student loans due by Reyes. Reyes submits that upon entry of said default, in the name *Jackie or Jaclyn Houston*, which is not the Debtor's legal name, that the conspirators would then~~unlawfully~~ arrest Reyes for a computer related or other crime and seize custody of her child, forcing Reyes to acquiesce to the scheme to change her name and race. (As previously mentioned, conspirators wish to change the name of the Debtor to defeat the federal false claims action wherein Mukasey has defaulted and wherein the plaintiffs seek to defend the rights of uninsured children in America, taxpayers, minorities, and Democrats.)

‡5. Conspirators are believed to have hired Donnie Hatcher, on or about May 12, 2008, the day of filing the aforementioned May 12, 2008 Amended Motion in the U. S. District Court, to perpetuate a scheme which would create the appearance that Reyes changed her name to Houston. She has not. (The May 12, 2008 date is significant as it is on that date that Reyes and other Plaintiffs in the aforementioned federal civil action in the Northern District of Mississippi filed their Amended Motion, wherein Reyes seeks to cause Charlene Thomas to issue the 1099, which also verifies the identity of Reyes). The Hatchers reside in voting district (District 3) where the Debtor's seized subdivision property is located. Hatcher shares *hunting property* with George Dufour and Eddie Harper. George Dufour is the husband of the aforementioned Ann Dufour. Ann and George Dufour own part of the property upon which Hatcher hunts or plays with his grandchildren. Robert (Bobby) Reyes owns the majority of the land upon which Hatcher hunts and/or fishes. Harper, a former Lauderdale County Supervisor and coconspirator herein, aspires to purchase the property, which is prime property, also located in District 3. (*Harper, as a result of Reyes' efforts to seek justice for minorities in Mississippi, refers to Reyes as a nigger bitch.*) On or about May 17th Reyes filed a Notice to Creditors in the

Lauderdale County Chancery Clerk's office, inadvertently listing Hatcher, Dufour and others as creditors. Therein said notice, the Debtor also gave notice of an employment contract which included cutting and/or maintaining real property. (Reyes intended to merely notify Hatcher and Dufour, who are *not* creditors of Reyes, that their land was either included or excluded in said employment contract.) Reyes filed the Notice in her legal name, Jackie Lynn Reyes. Reyes submits that Hatcher planned to claim that Reyes last name is Houston and that her intent is to defraud him or some other entity which is certainly not the case. Hatcher and Dufour, at that point, along with coconspirators, are believed to have devised a scheme to cause Reyes to be arrested for racketeering and to cause the unlawful seizure of custody of her child, then to force Reyes to change her name to Houston, or relinquish custody of her child. Based on information and belief, Hatcher is also recording conversations between himself and Jacquelyn A. Pierce, who is unwary of all the organization's manipulative tactics, and is attempting to establish that Pierce's address is also Reyes' legal address, and it is not. (Hatcher and conspirators have interfered with the employment contract of the Debtor with their schemes to defraud the federal government.) Pierce is the child's grandmother. Conspirators are now believed to be waiting for Pierce to separate from the child, and are believed to be conspiring to cause Pierce to be arrested also, to accommodate their scheme to seize custody of the child. Conspirators intend to rely on the leverage gained by unlawfully seizing custody of the child, to force Reyes to change her name and race, or relinquish custody in a custody hearing conducted by coconspirators. Pierce is a single, elderly, and handicapped woman, who has property rights in the subdivision property subject hereto. She is preyed upon by Hatcher and coconspirators, who believe that taxpayers do not have rights to a healthy economy and who believe that children are not important to society. Conspirators, with willful intent to influence, obstruct, or impede

7/30/08

50

proceedings in the due administration of justice, and that their actions had the natural and probable effect of interfering with the due administration of justice, each one and all together, knowingly and intentionally took action from which the obstruction of justice was a reasonably foreseeable result and it was their corrupt endeavor which motivated the action. Conspirators blocked the use, by the Debtor, of her consumer credit counseling certificate, attached hereto as Exhibit B. Conspirators have continued to block the Debtor from a successful bankruptcy action wherein she has, on multiple occasions, dutifully sought relief and full payment for her creditors.

## COCONSPIRATORS

U. S. Attorney Dunn Lampton, (Sou. Dist. MS)
U. S. Trustee Michael Bolen
U. S. Magistrate James C. Sumner,
U. S. District Court Clerk J. T. Noblin,
U. S. District Court Deputy Clerk Robin Lowery,
U. S. Bankruptcy Judge Edward R. Gaines,
Retired U. S. Bankruptcy Court Clerk Charlene Kennedy,
Meredith M. Aldridge,
William Ray,
U. S. Bankruptcy Judge Neil P. Olack,
U. S. Bankruptcy Judge Richard Stair, Jr.
U. S. Trustee Gwendolyn Kerney, in her personal and official capacitites,
U. S. District Court Clerk, Danny W. Armstrong,
U. S. District Court JudgeTom S. Lee,
U. S. District Court Judge Daniel P. Jordan, III,
Phelps Dunbar, LLP, Scott Timothy Elzey, James G. Wyly, III,
Texas Health and Human Services Commission
Mississippi Banking Commissioner John Allison, in his official and individual capacities,
Douglas Engel,
Charles Zdenek, III, Julie Whigham,
William B. Jacob, Joseph Kieronski, The law firm of Self, Jacob and Kieronski,
Copeland, Cook, Taylor and Bush, PA, Caryn L. Anlage, Robert P. Thompson,
Mark Lee, Illabelle Lee,
Ann Wilson Hayes, retired Lauderdale County Chancery Clerk
Lauderdale County Justice Court Judge Robbie Robinson,
Lauderdale County Chancery Court Judge Jerry Mason,
Terry E. Roberts, Sheila Roberts, T. E. Roberts Commercial Finishes,
U. S. District Court Judge William J. Haynes, Jr.,
The State of Tennessee Department of Health and Human Services,

7/30/09                                                              57

Patricia Mollstoller
The U. S. Attorney for the Eastern District of Tennessee, Russ Dedrick,
Don White, Teresa White,
Safe-T Shelters of East Texas, Mt. Pleasant Housing Authority,
Betty W. Stephton, Clerk of the Mississippi Supreme Court,
Rubeye Skelton Palmer, Lauderdale County Chancery Court Clerk
Jane Doe, Deputy Clerk of the Lauderdale County Chancery Court
Gil Carmichael, Videt Carmichael, Trent Lott,
Craig Hitt and Eddie Harper,
Lauderdale County Board of Supervisors,
Mississippi Attorney General Jim Hood,
Charles Zdenek, III, and Julie Whigham,
Yates Construction Company and Blaine Construction Company,
Community Bank, Cadence Banking,
UMC Hospital, Dr. Belknap, K Squires, Ed Nobles, Tracy Parker,
Greater Meridian Health Clinic,
Donnie Hatcher, 12229 Hand Road, Collinsville, MS 39325,
Ann Dufour, George Dufour
Mississippi Supreme Court Justices Easley, Carlson, Diaz, and Smith,
Robert Reyes

16. President George W. Bush vetoed a bipartisan congressional bill which would fund

S-Chips for all eligible children. The dissolution of the corporations named herein, which are in

violation of federal law, and the collection fines and penalties due to federal government, will

fully fund the bill. In addition, this court has a duty to insure that the State of Mississippi is not

in violation of the Federal False Claims Act, and that the State of Mississippi is in compliance

with all state and federal law. Every voter's vote must count. Every citizen is entitled to fair

and equal representation in the state and federal legislature. Discrimination may never die,

but it must not be used to support the power and wealth of one party over another. And those

who conspire to cause our children to suffer in any way, must be held accountable.

Plaintiffs submit that the threat of economic harm is so great that if ██████ relief is not

granted, Americans will be permanently subjected to a state of terror, and uninsured

children face shortened lives without medical attention. ████████████████

███████████████████████████████████

███████████████████████████████████

7/30/08                                                                            52

Exhibits attached to this document are:

<u>Exhibit "A"</u> titled, "Amended May 12, 2008 Motion for Relief and Recusal of Judge Biggers, and Notice of September Motion for Injunction, Notice of Address, Notice to Creditors pursuant to U. S. A. G. Guidelines for Victims Rights."   Said document has three exhibits attached thereto, which are:

1.  September 26, 2007 Emergency Motion for Extraordinary Writ with Affidavit
(This motion was filed with at least 15 lengthy exhibits which were submitted to the U. S. District Court in the Northern District of Mississippi. Said exhibits are not included herein.
2.  Procedural guidelines for court clerks opening federal false claims actions.
3.  Front page of March 03, 2008 Amended Urgent Motion for Relief filed in Mississippi Supreme Court. (The Mississippi Supreme Court Clerk failed to docket this motion).

<u>Exhibit "B"</u> Debtor's consumer credit counseling certificate.


Prayer:

Debtor prays that this court will:

1.  Promptly enter an order of recusal of Judge Houston, and the voidance of each of his orders;

2.  Enter an order granting the debtor the right to use her consumer credit counseling certificate in this court only;

3.  Correctly enter the Debtor's July 09, 2008 Amended Objection to Notice of Hearing and an order correcting the docket as requested in Debtor's July 09, 2008 Amended Objections to Notice of Hearing with the exception of ordering the clerk to notice creditors pursuant to F.R.B.P. 2002 (0).  Debts of this debtor, as stated in her July 08, 2008 Amended Official Form #1, are <u>primarily business debts</u>;

4. Enter an order stating that the Debtor withdraws her Motion to Dismiss and stating that these proceedings are suspended for a minimum of 120 days pending the Debtor's Petition to the U. S. Supreme Court in relation to Federal False Claims Action 3:07CV79-B-A, now pending in the U. S. District Court in the Northern District of Mississippi;

5. Enter an order finding the actions, statements and/or conduct of the coconspirators and/or Judge Houston and those acting in concert with him to defeat the due administration of justice in these proceedings constitute a separate contempt of this court; that each constitute a deliberate and willful attack upon the administration of justice in an attempt to sabotage the functioning of the Federal judiciary system; that this misconduct was grave a character as to continually disrupt the orderly administration of justice;

53

6. Order conspirators to refrain, cease and desist from interfering with employment contracts of the Debtor.

<u>Certificate of Good Faith</u>

The Debtor states that she submits this motion in good faith and for the benefit of she and her law abiding creditors, and that she has no intention of causing harm to any entity.

Signed and Sworn under declaration of penalty of perjury this 35 day of July, 2008.

Jackie Lynn Reyes, Debtor

Mailing Address:
In Care of Jacquelyn A. Pierce
12251A Hand Road, Collinsville, MS 39325
No phone in Service

<u>Certificate of Service</u>

I, Jackie Lynn Reyes, hereby certify that I have mailed, postage prepaid, by U. S. Mail, or hand delivered a true and correct copy of the foregoing Motion and Affidavit for Recusal of Judge Houston and Motion for Extraordinary Writ and Related Relief to:

    The Lauderdale County Chancery Court Clerk, 500 Constitution Avenue,
Meridian, MS   39302
    The U. S. Attorney for the Southern District of Mississippi, 188 E. Capitol Street, Suite 500,
Jackson, MS 39201
    The U. S. Attorney for the Northern District of Mississippi, 900 Jefferson Avenue, Oxford,
MS 38655
    The U. S. Trustee, 100 West Captiol Street, Suite 706, Jackson, MS 39269
    Robert A. Reyes, 10127 Palisade Ridge Drive, Colorado Springs, CO 80920
    George and Ann Dufour, 5201 Lakeland Drive, Apt. L117, Flowood, MS 39232
    Donnie Hatcher, 12229 Hand Road, Collinsville, MS 39325
    Patricia Mollstoller, 136 S. Illinois Avenue, Suite 104, Oak Ridge, Tennessee 37830
    Charlene Thomas, 2410 24th Street, Meridian, MS 39301

        THIS 35 day of July, 2008.

Jackie Lynn Reyes, Debtor

54

IN THE CHANCERY COURT OF LAUDERDALE COUNTY, MISSISSIPPI

STATE OF MISSISSIPPI

Jackie Lynn Reyes aka Jaclyn Reyes                                    08-1004P

ORDER

This court having considered the March 30, 2009 Amended Application for name change and request for information submitted by Jackie Lynn Reyes aka Jaclyn Reyes, mother and natural guardian of River Ashlyn Houston, finds that the applicant is and is hereinafter legally named Jaclyn Reyes. The applicant states that she has changed her name from Jackie Lynn Reyes to Jaclyn Reyes by doing business in and under the laws of the the state of Mississippi. The court agrees and enters this order confirming that the applicants name is legally Jaclyn Reyes.

So ORDERED, this _9_ day of ___April___, 2009.

_____

CHANCELLOR

STATE OF MISSISSIPPI
COUNTY OF LAUDERDALE
I CERTIFY THAT THIS IS A TRUE COPY
CAROLYN MOONEY, Chancery Clerk
BY Diane Ridout D.C.
TODAY'S DATE 4-9-09

........Lauderdale County........
Carolyn Mooney, Chancery Clerk
Sequence-123099
04-09-09 01:23 PM

